State v. Rigall.

---

## THE STATE v. RIGALL, Appellant.

### Division Two, October 27, 1902.

1. **Motion to Elect:** EXCEPTIONS: ABSENCE FROM BILL. An exception to the action of the court in overruling defendant's motion to compel the State to elect on which act of embezzlement it will go to the jury, can be preserved only in the bill of exceptions. An entry by the clerk in the minute book or record that "defendant excepted and saved his exception" to such ruling is of no significance. The bill of exceptions is the repository of exceptions to the ruling of the court.

2. **Embezzlement:** INSTRUCTION: FRAUDULENTLY. It is necessary that an instruction on embezzlment require that the defendant "fraudulently" then and there intended to convert the money or goods to his own use, and a failure to use the word "fraudulently" or words of equivalent meaning, is reversible error.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins, Judge.*

REVERSED AND REMANDED.

*T. B. Haughawout* for appellant.

(1) The court erred in not requiring the State to elect upon which transaction it would ask the jury to convict They were separate and distinct transactions. The two hundred dollars was given by the prosecuting witness in Illinois. The eight hundred dollars was sent to the prosecuting witness's son at Joplin, Missouri, and by him delivered to the defendant. There was but one count in the indictment, and there being separate and distinct transactions one of which defendant claimed had been fully settled, and when defendant claimed he had delivered all the remaining money back to the prosecuting witness's son, it is impossible for the defendant to determine upon which transaction he was convicted. (2) The principal point we urge, and which we claim is decisive in this case, is that the failure of the court to instruct the jury as to the fraudulent and felonious intent of the defendant in converting the money is reversible error. State v. Cunningham, 54 Mo. 161; State v. Schilb, 159 Mo. 130.

*Edward C. Crow,* Attorney-General, for the State.

The instruction, it will be observed, does not specifically require the jury to find any fraudulent intent on the part of the defendant in converting the money of Mrs. Leftcovich to his own use. Under the decision in State v. Schilb, 159 Mo. 140, it would seem that it is necessary that the instruc-

tion in an embezzlement case specifically require the jury to find a fraudulent intent on the part of the defendant in converting the money or property alleged to be embezzled.

BURGESS, J.—From a conviction in the circuit court of Jasper county, under an indictment charging him with the embezzlement of seven hundred and fifty dollars, the moneys of one C. M. Leftcovich, and fixing his punishment at two years' imprisonment in the state penitentiary, defendant, after an unavailing motion for a new trial, appeals.

It appeared from the evidence that there were two or three different moneyed transactions between Mrs. Leftcovich and defendant before the finding of the indictment against him, by which her moneys passed into his hands, and the record shows that after the evidence was all in, but before the case was submitted to the jury, defendant filed his motion to require the State to elect upon which one of these transactions it would elect to proceed. The motion was overruled, but defendant did not properly save an exception to that ruling. It is true, it does appear from the record that defendant saved his exception at the time, but it does not so appear from the bill of exceptions, and being a matter of exception, could only become a part of the record by bill of exceptions, and the entry by the clerk upon his minutes that defendant "excepted and saves his exceptions," was of no significance whatever. [State v. Marshall, 36 Mo. 400.] There is a manifest difference under our statutes between what is properly matter of error and exception. In Bateson v. Clark, 37 Mo. 31, it is said: "By the Revised Code of 1855, p. 1300, sec. 33 [sec. 864, R. S. 1899], no exception shall be taken in appeal or writ of error to any proceeding in the circuit court, except such as shall have been expressly decided by such court; but section 35 of the same chapter [sec. 866, R. S. 1899], requires this court to examine the record and award a new trial, to reverse or affirm the judg-

State v. Rigall.

ment, or to give the proper judgment as may seem agreeable to law. The record proper, by law, is the petition, summons, and all subsequent pleadings, including the verdict and judgment; and these the law has made it our duty to examine and revise; and if any error is apparent on the face of these pleadings which constitute the record, we will reverse the cause, whether any exceptions were taken or not. Exception is matter which arises wholly from the action of the court in the progress of the trial, as the admission or rejection of evidence, the sustaining or overruling some motion, the giving or refusing instructions, etc. This is strictly no part of the record unless made so by being incorporated in a bill of exceptions, and to entitle it to any notice or to be made available here, the action of the court must have been excepted to at the time the alleged error was committed." It follows that this point is untenable.

It is said that the court erred in failing to instruct the jury that they must believe from the evidence beyond a reasonable doubt, that defendant feloniously or fraudulently, that is, intentionally, converted the money to his own use, before they could find him guilty of embezzlement. Upon this feature of the case the court, over the objection of defendant, instructed the jury as follows:

"The court instructs the jury that if you believe from the evidence in this case that on or about the fifteenth day of April, 1899, in the county of Jasper and State of Missouri, defendant, J. D. Rigall, was the agent of Mrs. C. M. Leftcovich, and that he, the said defendant, was then and there over the age of sixteen years, and that he, the said J. D. Rigall, did then and there by virtue of his said agency have, receive and take into his possession or under his care and control money belonging to the said Mrs. C. M. Leftcovich, and that the defendant did then and there convert to his own use thirty dollars or more of the said money belonging to the said Mrs. C. M. Leftcovich, which came into his

possession and under his care and control by virtue of his being the agent of the said Mrs. C. M. Leftcovich, with the intention then and there to convert the said money to his own use without the assent of the said Mrs. C. M. Leftcovich, you should find the defendant guilty of embezzlement, as he stands charged in the indictment, and assess his punishment at imprisonment in the penitentiary for a term not less than two nor more than five years."

It will be observed that this instruction authorized the conviction of defendant if he converted the money to his own use without the consent of Mrs. Leftcovich whether he did so with a fraudulent intent or not. In State v. Schilb, 159 Mo. 130, it is said: "It is well settled that no one can be convicted of felony in this State in the absence of an intent to do a criminal act (State v. Noland, 111 Mo. 473; State v. Cunningham, 154 Mo. 161), but such intent in case of embezzlement may be inferred from a felonious or fraudulent conversion. In Bishop's New Criminal Law, vol. 2, secs. 372, 373, 379, it is said: 'The gist of common-law larceny is the felonious "taking" of what is another's, with the simultaneous intent in the taker of misappropriating it; but in the statutory embezzlement there is no felonious taking, for the thing comes to the servant by delivery, either from the master or a third person, so that the question now is, by what act, after it is received, does the servant commit the embezzlement? The rule of law appears only indistinctly in the books. Still, we may infer from the authorities, and from the reasons inherent in the question, that if the servant intentionally does with the property under his control what one must intend to do with property taken to commit larceny of it, he embezzles it, while nothing less is sufficient; or, assuming the needful criminal intent to exist, he must and need only do what in our civil jurisprudence is termed "conversion," defined to be any dealing with the thing which, impliedly or by its terms, excludes the owner's dominion. To

illustrate: if the servant instead of delivering the property to his master or another, as required by his duty, pledges it for his own debt, or runs away with it, or neglects or refuses to account for it, or otherwise wrongfully diverts its course towards its destination to make it his own, he embezzles it. The felonious or otherwise fraudulent intent is an essential element, yet if a man commits the act of embezzlement, the presumption is that he means to embezzle.' " [Spalding v. People, 172 Ill. 55; State v. Noland, 111 Mo. 473; Dotson v. State, 51 Ark. 119; People v. Wadsworth, 63 Mich. 500; State v. Cunningham, 154 Mo. 161.]

If the word "fraudulently" had been inserted before the words "then and there" in the instruction, it would have been complete.

For the error indicated the judgment is reversed and the cause remanded.   All concur.