M. W. EATMAN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. While in a criminal prosecution on an information for embezzlement, the defendant would be entitled to a bill of particulars upon proper application, an appellate court will not disturb a ruling of the trial court denying a bare motion for a bill of particulars made "on the ground of the vagueness, indefiniteness and general way in which the charge of embezzlement was made in the information" when nothing is shown in support of the motion.

2. An information in which it is charged that the defendant on July 15, 1903, in Volusia county, Florida, being then and there the agent and servant of the Doty & Stowe Company, a corporation, "did then and there by virtue of his said employment as

such agent and servant, receive and take into his possession" certain designated property of a stated value "of the money, goods and chattels of said Doty & Stowe Company," etc., followed by the allegation "and did afterwards, to-wit: *then and there* embezzle and fraudulently convert *the same* to his own use without the consent of the said Doty & Stowe Company," etc., sufficiently alleges that the ownership of the property was in the Doty & Stowe Company at the time named in the information and at the time of the embezzlement or fraudulent conversion charged.

3. In a prosecution for embezzlement a charge that if the jury believe from the evidence, and beyond a reasonable doubt, that the defendant within a named county of the State, being the agent and servant of the Doty & Stowe Company, a corporation, and by reason of his employment as such agent or servant of said company received and took into his possession a certain sum of money belonging to the said Doty & Stowe Company, as alleged and set forth in the information, and afterwards in the month of July, 1903, fraudulently converted or appropriated the same to his own use without the consent of the said Doty & Stowe Company, they will find the defendant guilty as charged, is sufficient as to the ownership of the property at the time of the conversion, when there is evidence to sustain the information which charges embezzlement or fraudulent conversion and alleges that money of said Doty & Stowe Company was received by the defendant as agent on July 15, 1903, and that the defendant did afterwards, to-wit: *then and there* embezzle and fraudulently convert *the same*.

4. Charges in a prosecution for embezzlement upon the theory that an agent engaged in the employment of a corporation at selling goods and who is authorized to make collections on his sales will be guilty of embezzlement in appropriating to his own use the money so collected *when by the terms of his employment* he is required to remit or send the money collected or checks paid to him to his employer and *not permitted to use the same* are properly given where there is testimony in the case that by the terms of the defendant's employment he was required to remit to his employer all collections made by him for his employer, and that the defendant was expressly forbidden by the terms of his employment to use any collection made by him for his employer.

5. In a prosecution for embezzlement requested charges upon the theory that if the defendant in good faith believed he had a

right to use collections made by him and did in such good faith and without secrecy or concealment use them, however frivolous or ill founded his claim of right might in fact be, if he honestly entertained such belief he would not be guilty, are improperly refused when there is testimony in the case which tended to show a *bona fide* belief on the part of the defendant that he had authority to use such collections and that there was no secrecy or concealment involved in such use.

6. Requested charges not supported by the testimony in the case are properly refused.

7. A question which seeks to ascertain the knowledge of the witness independent of the contents of a writing calls for primary evidence and is not subject to the objection that it calls for secondary evidence of the contents of the writing.

8. In a prosecution for embezzlement the admission in evidence of receipts and checks showing the payment of money to the defendant before the date of the alleged embezzlement is not a violation of section 2897, Revised Statutes of 1892, which provides that evidence may be given of any such embezzlement or fraudulent conversion committed within six months next after the time .stated in the information, when the information charges embezzlement or fraudulent conversion and not a taking with intent.

9. In a prosecution for embezzlement evidence of the payment of a check made payable to the defendant is properly admitted when the payment was made to and received by the defendant on account of a debt due the employer.

10. Letters which tend to contradict the testimony of a witness and that have a bearing on the issue should be admitted in evidence.

11. Where testimony is improperly excluded and subsequently admitted the error is cured.

12. Where no injury is shown the ruling of the trial court in refusing to permit a witness to testify a second time in answer to the same question will no be disturbed.

13. Questions that do not appear to be material to the issue should be excluded on proper objection.

14. In a prosecution for embezzlement where the defendant seeks to show that he retained the money received by him for his employer, believing in good faith that he had a right to do so because of a debt due him by his employer, testimony that his

employer was indebted to the defendant is admissible upon the question of intent.

15. In a prosecution for embezzlement the defendant has a right to testify as to his belief that he had authority to use the money alleged to have been embezzled by him.

16. In a prosecution for embezzlement testimony as to matters tending to show the fraudulent conversion of collections of money made by the defendant in the course of his employment other than and prior to that alleged to have been embezzled is admissible only for the purpose of proving or illustating the intent of the defendant in committing the alleged act of embezzlement for which he is being tried.

17. In a prosecution for embezzlement testimony as to trouble, misunderstanding and ill feeling between the defendant and his employer, a corporation, is admissible as affecting the credibility of the testimony given by an officer of the corporation in the case.

18. It is competent to show by proper secondary evidence the contents of a circular letter alleged to have been sent by mail to a particular person as the sending by mail raises a presumption from which the jury might find it was received; but secondary evidence of the contents of a similar circular letter received by another person engaged in similar employment is irrelevant and immaterial.

19. Where a witness testifies that he has no distinct independent recollection of figures except as he finds them in certain books of account and that he could not state the figures without the aid of the memorandum of them taken from the books, he should not be permitted to testify as to such figures from the memorandum, as the books themselves are the best evidence of what is contained in them.

20. Parol testimony as to a verbal understanding between parties as to the application of amounts to become due for services to be rendered may be admissible in evidence, even though the amount to be received for the employment was subsequently reduced to writing, when the writing contains no provision as to the application of amounts to become due, since such parol evidence does not contradict the provisions of the writing which has no provision as to the *application* of amounts to become due.

21. In a prosecution for embezzlement letters written by the defendant which tend to illustrate the conduct of the defendant in

connection with his collections for his employer may be admissible as bearing on the intent of the defendant in dealing with the collection alleged to have been embezzled.

This case was decided by Division B.

Writ of error to the Criminal Court of Record for Volusia county.

The facts in the case are stated in the opinion of the court.

*W. A. MacWilliams* and *Pope & Pope* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, J.—The plaintiff in error was convicted of the crime of embezzlement in the Criminal Court of Record for Volusia county, and from the sentence imposed brings this writ of error.

The information charges "that M. W. Eatman, late of the county of Volusia, and State of Florida, on the 15th day of July, in the year of our Lord one thousand nine hundred and three, in the county and State aforesaid, with force and arms, being then and there the agent and servant of the Doty & Stowe Company, a corporation doing business in the State of Florida, did then and there by virtue of his said employment as such agent and servant, receive and take into his possession the sum of one hundred dollars and sixty-two cents, of the value of one hundred dollars and sixty-two cents, of the currency of the United States of America, the denomination of which, and a more particular description of which said money is to your informant unknown, of the money, goods and chattels of said Doty & Stowe Company, a corporation as aforesaid, and did afterwards, to-wit: then and there embezzle and fraudulently convert the same to his own use without the consent of

the said Doty & Stowe Company, a corporation as aforesaid, against the form of the statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida."

The bill of exceptions shows that the defendant "moved the court on the ground of the vagueness, indefiniteness and general way in which the charge of embezzlement was made in the information to direct and order that a bill of particulars of said charge be furnished the defendant." This motion was denied, the defendant excepted, and the ruling is assigned as error. While it is true that, upon an information for embezzlement which is authorized by section 2897, Revised Statutes of 1892, charges the offense by general allegations, a bill of particulars should be furnished the defendant upon proper application, yet the application must be supported by a showing that the bill of particulars is necessary for the proper administration of justice. *Thalheim v. State,* 38 Fla. 169, 20 South. Rep. 938. Nothing was shown in support of the motion here, and the ruling denying it will not be disturbed. *Mathis v. State,* 45 Fla. 46, 34 South. Rep. 287.

A motion to quash the information on the grounds that it "is so vague, indefinite and uncertain as to prejudice and embarrass the defendant in his defense" and that it "does not state with sufficient certainty the nature and cause of the accusation against the defendant," was denied and error is assigned thereon. As the grounds of the motion to quash the information are included in a motion in arrest of judgment it is necessary to consider only the latter.

It is contended that the information does not sufficiently allege that the ownership of the money alleged to have been embezzled was in the Doty & Stowe Company *at the time named in the information.* The place and date of the receipt and the nature of the property and its value are alleged, followed by the expression "of the money, goods and chattels of said Doty & Stowe Company." This

is a sufficient allegation that the ownership of the property was in the Doty & Stowe Company at the time named in the information. *Sigsbee v. State,* 43 Fla. 524, 30 South. Rep. 816.

It is also contended that "the information does not allege that the money, goods and chattels alleged to have been embezzled was the property of the Doty & Stowe Company *at the time of the alleged embezzlement,* or whose property it was." The information contains a sufficient allegation that the defendant in Volusia county, Florida, on July 15th, 1903, "did then and there by virtue of his said employment as such agent and servant receive and taken into his possession" certain designated property "of the money, goods and chattels of said Doty & Stowe Company," etc., followed by the allegation "and did afterwards, to-wit: *then and there* embezzle and fraudulently convert *the same* to his own use without the consent of the said Doty & Stowe Company," etc. This is a sufficient allegation of the ownership of the property at the time of the embezzlement or fraudulent conversion charged. *Sigsbee v. State, supra.*

At the trial the court of its own motion charged the jury as follows: "The court charges you that this is an information filed by the County Solicitor against M. W. Eatman charging him with the crime of embezzlement of one hundred dollars and sixty-two cents, the money and property of the Doty & Stowe Company, a corporation. Now if you believe from the evidence, and beyond a reasonable doubt, that the defendant, M. W. Eatman, within the county of Volusia and State of Florida, being the agent and servant of the Doty & Stowe Company, a corporation, and by reason of his employment as such agent or servant of said company received and took into his possession the sum of one hundred dollars and sixty-two cents (or any other amount of money) belonging to the said Doty & Stowe Company, as alleged and set forth in the information, and afterwards in the month of July, 1903, fraudulently converted or appropriated the same to his own use without

the consent of the said Doty & Stowe Company, you will find the defendant guilty as charged. If you have a reasonable doubt as to his having been proven guilty you will find him not guilty." An exception was taken and the charge is assigned as error. It is contended that "this charge is vulnerable to the objection that the money alleged to have been embezzled need not have belonged to the Doty & Stowe Company *at the time of the alleged embezzlement,* but if it ever did, or ever had belonged to the Doty & Stowe Company it was sufficient." The charge is not subject to this criticism. The expression in the charge "belonging to the said Doty & Stowe Company, as alleged and set forth in the information and afterwards in the month of July, 1903, fraudulently converted or appropriated *the same* to his own use without the consent of the said Doty & Stowe Company," is sufficient as to the ownership of the property at the time of the conversion.

Exceptions were taken to, and errors are assigned on, several charges given at the request of the State. The charges are upon the theory that "an agent engaged in the employment of another person or corporation or firm at selling goods and who is authorized to make collections on his sales will be guilty of embezzlement in appropriating to his own use money so collected *when by the terms of his employment* he is required to remit or send the money collected or checks paid to him to his employer and *not permitted to use same."* There was testimony that by the terms of the defendant's employment he was required to remit to his employer all collections made by him for his employer and that the defendant was expressly forbidden by the terms of his employment to use any collection made by him for his employer. There was also testimony that the contract of employment contained no such terms, and that defendant believed he had authority to use collections. Under this testimony the charges were properly given, since if the jury should find that the defendant accepted this employment under the express and unequivocal conditions

that he should remit to his employer all collections made by him for his employer, and that he should not under any conditions use for any purpose such collections made by him, and that with a full knowledge of these conditions he did appropriate to his own use collections made by him for his employer, they would be justified in finding him guilty of embezzlement.

There are exceptions to and assignments of error on the refusal of the court to give several charges requested for the defendant. The refused charges are upon the theory that if the defendant in good faith believed he had a right to use collections made by him and did in such good faith and without secrecy or concealment use them, however mistaken or frivolous or ill founded his claim of right might in fact be, if he honestly entertained such a belief, he would not be guilty. There was testimony that tended to show a belief on the part of the defendant that he had authority to use such collections and that there was no secrecy or concealment involved in such use, and since if the jury should find that the defendant under the circumstances honestly believed he had such authority he would not be guilty of embezzlement, the charges should have been given. *State v. Culver,* — Neb. —, 97 N. W. Rep. 1015. See, also, 10 Am. & Eng. Ency. of Law (2nd ed.) 997; 2 Clark and Marshall Law of Crimes, 810.

There is an assignment on the refusal of the court to give a charge that "if an employer's money is collected by an employe, and the employe retains it, and thereafter the employer charges it to his employe's account, *and this is done from time to time,* then such action is an implied consent," to retain the money. The testimony shows only one case of money collected by the defendant being charged to him by his employer. There is testimony of other collections, but not of other collections being charged to the defendant. As the testimony does not show collections charged to the defendant *from time to time,* this charge was properly refused, because not supported by the evidence.

There is no basis in the transcript for the assignment of error made here that the court erred in permitting the witness Carl VanDeman to testify over objection as to the contents of the letter purporting to have been written by the Doty & Stowe Company discharging the defendant from their employment. A witness for the State testified that the defendant was discharged from the employment of the Doty & Stowe Company by a letter written July 15, 1903, to the best of witness' knowledge and belief. Afterwards he was asked the question: "When was the defendant discharged?" An objection by the defense to the question was overruled, to which exception was taken and error is assigned thereon. It is contended that this question called for secondary evidence of the contents of a letter without laying a proper predicate therefor. The question as asked called for information independent of the contents of a letter and consequently it was primary evidence and not subject to the objection urged. *Bynum v. State,* 46 Fla. 142, 35 South. Rep. 65.

There was no error in permitting over objection the introduction of oral testimony, a receipt and checks showing the payment before July 15, 1903, to defendant of money belonging to his employer. The objection interposed is grounded upon the language found in section 2897, Revised Statutes of 1892, that "on the trial evidence may be given of any such embezzlement, fraudulent conversion or taking with intent, committed within six months next after the time stated in the indictment." The information here charges an embezzlement or fraudulent conversion on July 15, 1903, of funds alleged to have been received on that date, but there is no charge of a taking or receipt of money with intent to embezzle or fraudulently convert the same. The statute as applied to this information does not exclude proof of the receipt of the money or funds alleged to have been embezzled by the defendant before the date charged in the information. The statute refers to the act of embezzlement or fraudulent conversion and not to the receipt

of the funds unless the charge is for the taking or receipt with intent to embezzle or fraudulently convert, which is not the case here. *Thalheim v. State, supra.* Nor was it error to admit evidence of the payment by a check payable to defendant when the payment was made and received on account of a debt due the employer. *Commonwealth v. Smith,* 129 Mass. 104; Revised Statutes of 1892, section 2897.

Exception was taken by the defense to the exclusion of letters in triplicate written by the Doty & Stowe Company to the defendant at different points all being dated July 15, 1903, in which letters the defendant was requested to make a special effort to sell certain goods named therein, and it is urged that the letters tended to contradict the testimony of a State witness who testified as to the discharge of the defendant by the Doty & Stowe Company on July 15, 1903. A portion of the money alleged to have been embezzled was shown to have been received by the defendant on July 15, 1903. Under the circumstances of this case the letters should have been admitted.

Error is assigned on the refusal of the court to permit the defendant to testify as to how much he received from the Doty & Stowe Company on his salary from May 1, to July 24, 1903. It is contended that the answer to this question would have shown that the Doty & Stowe Company was indebted to the defendant in a greater amount than the sum alleged to have been embezzled, therefore it had some material bearing on the question of the criminal intent of the defendant in the appropriation of the money collected by him for the company, and that consequently it was proper for the consideration of the jury. As the evidence sought by the excluded question was given by the defendant in his succeeding testimony the exclusion of the question when first asked has been harmless to the defendant. *Baker v. State,* 30 Fla. 41, 11 South. Rep. 492; *Sylvester v. State,* 46 Fla. 166, 35 South. Rep. 142; *Morrison v. State,* 12 Fla. 552.

There was no error in the refusal of the court to permit the defendant to testify a second time as to why he demanded of his employer a statement of his account when traveling on commission, as this question had just been answered by the defendant. *Thomas v. State,* 47 Fla. 99, 36 South. Rep. 161.

The refusal of the court to permit the defendant to answer a question as to whether anything was said about his work with the company when he asked for a statement of his account, was not error as questions relating to conversations about the defendant's work with the company do not appear to be material to the issue.

The court upon motion of the State and over defendant's objection struck out all of the testimony of the defendant relating to an account between the defendant and the Doty & Stowe Company prior to the time the defendant entered into their employment on a salary, on the ground that it was immaterial and irrelevant. The court also on objection by the State excluded an answer by the defendant to the question: "Did the Doty & Stowe Company owe you anything on your contract with them while traveling on commission, and now indebted to you for it?" These rulings were excepted to and errors are assigned thereon. It appears from the evidence that the defendant was employed by the Doty & Stowe Company at first on commission and afterwards upon a stated salary. The money alleged to have been embezzled was collected by defendant while he was employed at a stated salary. He denied that the terms of his employment required him to remit all money collected by him to his employer and sought to prove that his employers were indebted to him on account of his services while traveling for the company on commission, as well as while working for them on a salary. and that he retained the money collected on account of these debts, believing he had a right to do so. In support of his defense that he in good faith used the money collected in the *bona fide* belief that he had a right to retain it for a debt due him by

the Doty & Stowe Company, the defendant was entitled to have the testimony excluded as above given to the jury for their consideration in passing upon the question of intent.

The defendant testified that his salary contract stipulated that he was to sell $40,000 of goods a year, but he was not permitted to explain why he had not sold goods at that rate since his employment on a salary, and this latter was excepted to and assigned as error here. It does not appear from the questions asked, or elsewhere in the record, that such an explanation was at all material to the issue.

The defendant was not permitted to answer the question "Did you at the time you collected this money from Mr. Burdick and retained it, honestly believe you had a right to retain it?" This was error. The defendant had a right to testify as to his belief that he had authority to use the money alleged to have been embezzled by him. *Lane v. State,* 44 Fla. 105, 32 South. Rep. 896; *Germania Fire Ins. Co. v. Stone,* 21 Fla. 555.

The court permitted the State to interrogate the defendant as to matters tending to show the fraudulent conversion of collections of money made by the defendant in the course of his employment by the Doty & Stowe Company other than and prior to that alleged to have been embezzled in this case. This testimony was admissible but only for the purpose of proving or illustrating the intent of the defendant in committing the alleged act of embezzlement for which he was being tried. *Thalheim v. State, supra; Wallace v. State,* 41 Fla. 547, 26 South. Rep. 713.

There was no error in refusing to permit the defendant to answer the question if he knew whether or not the Doty & Stowe Company knew he was going to accept employment from another about the time of his alleged discharge, as it was not shown to be material to the issue.

The court permitted the State to introduce testimony that the defendant owed Doty & Stowe Company, but refused to allow the defendant to testify as to whether or not Doty & Stowe Company owed the defendant. This latter

testimony should have been given to the jury as bearing upon the intent of the defendant in appropriating the money collected.

Testimony that there was trouble, misunderstanding and ill feeling between the defendant and Mr. Doty or the Doty & Stowe Company is admissible as affecting the credibility of the testimony given by the vice-president of the company, and the court erred in refusing to admit such testimony.

A witness for the State testified that a circular letter was sent to all the salesmen of the Doty & Stowe Company forbidding them to use collections and that one of these letters was sent to the defendant who was one of the salesmen. It was competent to show by proper secondary evidence the contents of the circular letter alleged to have been sent by mail to the defendant since the sending by the mail raises a presumption from which the jury might find that he did receive it. Another witness testified that he was also a salesman of the Doty & Stowe Company and that he received a circular letter which was lost, and was permitted over objection to testify as to its contents. This latter testimony should have been excluded as irrelevant and immaterial.

A witness for the State was permitted over objection to testify from a memorandum taken from a ledger of the Doty & Stowe Company as to an amount due by the defendant to the company. The witness stated that he was the bookkeeper, but had no distinct independent recollection of the figures on the memorandum except as he found them in the books of account, and that he could not state the figures without the aid of the memorandum. As contended by the defendant the books are the best evidence as to what they showed and the testimony given from the memorandum should have been excluded.

The court denied a motion to strike the testimony of a State witness as to a verbal understanding between the defendant and a member of the Doty & Stowe Company had

prior to the date of a letter from the Doty & Stowe Company to defendant giving to some extent the terms of the employment, which verbal understanding related to the application of a portion of defendant's monthly salary to the indebtedness of defendant to the Doty & Stowe Company. The objection made to the testimony was that it tended to contradict the written terms of the employment. This testimony did not contradict any of the terms of the letter, since the letter contained no provision as to the application of salary to become due, or the manner in which the payment of the amounts provided for in the letter should be made, but only stated the salary and the amount of goods to be sold. The testimony was admissible as against the objection urged.

Letters written by defendant to L. P. Kennedy were admitted in evidence over objection. They tended to illustrate the conduct of the defendant in connection with his collections for the Doty & Stowe Company and consequently had a bearing on his intent in dealing with the collection alleged to have been embezzled. The court permitted the defendant to explain the letters and he stated that they refer to a lady. It was for the jury to determine whether they did or did not refer to the issue in this case since the defendant had testified to his collections from Kennedy for the company.

All the points that appear to be essential to further proceedings in this cause have been considered.

. The judgment is reversed at the cost of Volusia county and the cause is remanded for a new trial.

CARTER, P. J., and SHACKLEFORD, J., concur.

TAYLOR, C. J., HOCKER and COCKRELL, JJ., concur in the opinion.