..STATE v. DUNN.

(Filed May 16, 1905.)

*Embezzlement—Bankers—Misuse of Funds—Fraudulent Intent—Question for Jury.*

1. Under section 1017 of The Code two offenses are created which apply to certain officers of benevolent or religious institutions. One offense is the lending their moneys without consent; the other is the failure to account for such moneys.

2. If the money of a society, of which defendant was treasurer, was deposited in his private bank as a general deposit, and put in general use and circulation as other bank deposits with the consent of the society, the defendant was not guilty of any offense, though he became insolvent and could not settle on demand.

3. But if the defendant used the money of the society in his banking business without its knowledge and consent and appropriated it to his own use with fraudulent intent, neither the fact that he became insolvent and suspended his banking business, nor that he afterwards had an agreement with the society as to the time when he was to pay the indebtedness, would be any defense to the charge of embezzlement under section 1014 of The Code.

4. In indictments for embezzlement, the fraudulent intent of the defendant in using the money is an essential element of the crime and is peculiarly a question for the jury.

INDICTMENT for embezzlement against Chas. F. Dunn, heard by *Judge Fred Moore* and a jury, at the November Term, 1904, of the Superior Court of LENOIR County. The bill was drawn under section 1014 of The Code. The defendant was convicted and appealed.

*Robert D. Gilmer, Attorney-General,* and *Land & Cowper* for the State.
No counsel for the defendant.

BROWN, J. The defendant was formerly indicted under

STATE *v.* DUNN.

section 1017 of The Code, and on appeal to this court it was held that the character of the society was not the kind described in section 1017. Under that section two offenses are created, which apply only to certain officers of benevolent or religious institutions. One offense is the lending of their moneys without consent; the other is the failure to account for such moneys. What is said in the opinion of the court relates to the indictment under that section (134 N. C., 664). After that opinion was handed down, the solicitor indicted the defendant for the offense of embezzlement under section 1014.

The objections of the defendant to this last bill of indictment are untenable and were all properly overruled.

The testimony of the defendant himself tended to prove, if believed to be true, that he conducted a small private banking institution in the town of Kinston, which was patronized to some extent by people of his race; that the money belonging to the unincorporated society of which he was treasurer was deposited in the defendant's bank, and put in circulation and used in the general business of the bank, as other general deposits are used; that this was done by consent of, and with the knowledge and approval of the society and its members. There was evidence by the State tending to contradict this.

His Honor instructed the jury that if they "shall find that the Love and Union Society No. 1 consented that the defendant should keep the moneys of the society in his private banking institution, together with the other moneys of the bank, it was not a conversion for the defendant to use the same, but that the conversion took place upon his failure to pay or settle on demand, and that notwithstanding the fact that the defendant may have used the fund in his bank with the consent of the society, that a failure to pay or settle on demand would be an unlawful conversion, and if done with

a dishonest, corrupt or fraudulent intent, the defendant would be guilty of embezzlement."

In this instruction there is error. The judge should have instructed the jury that if the money was deposited in the defendant's private bank as a general deposit, and put in general use and circulation as other bank deposits, and this was done by the consent and with the approval of the society or of its controlling officers, the defendant would not be guilty of any offense. But if the defendant used the money of the society in his banking business without its knowledge and consent, and appropriated it to his own use with fraudulent intent, the fact that he became insolvent and suspended his banking business would be no defense to the charge in this bill of indictment. Nor would the fact that he afterwards had "an agreement with the committee of the society" as to the time when he was to pay the indebtedness, relieved the defendant from the consequences of a criminal act.

We think the court below should have given prayer No. 1 or prayer No. 14. Both relate to the same thing, to-wit, the fraudulent intent of the defendant in using the money. In indictments for embezzlement, that is peculiarly a question for the jury and is an essential element of that crime. *State v. McDonald,* 133 N. C., 680.

We have not been favored with either argument or brief on the part of the defendant, but as the case is to be tried for the third time we have endeavored to point out all the errors which we have been able to discover in this record.

New Trial.