E. E. ROPES, *Plaintiff in Error,* v. ISAAC A. STEWART, *Defendant in Error.*

1. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist, every presumption being in favor of the correctness of the rulings of the trial court.

2. Where notice of the hearing of a motion to strike the declaration was given for the 18th day of a month and the order of the court granting the same was dated on the day previous to said date, and it is not made to appear that the plaintiff was prevented from being heard on such motion, deprived of any right or harmed in any way, it is immaterial whether the date of such order was inadvertently and erroneously given by the court, or whether as a matter of fact the order was actually made on the date named therein, and where it is not made to appear that any complaint was ever made by the plaintiff as to such erroneous date or that the matter was ever called to the attention of the trial court, and it affirmatively appears that matters remained *in statu quo* from the date of such order for a period of nearly six months, when final judgment was rendered, an assignment of error predicated on such erroneous date must fail.

3. A declaration which alleges that the defendant "by perjury, and by his evil influence on the judge and jury, procured a verdict against this plaintiff," and had a judgment entered thereon, &c. is scandalous and is properly stricken on motion.

This case was decided by Division A.

Writ of Error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*E. E. Ropes, in pro per.*

*Egford Bly,* for defendant in error.

SHACKLEFORD, C. J.—The following declaration was filed by the plaintiff in error: "E. E. Ropes, plaintiff, sues Isaac A. Stewart, defendant, of an action of trespass on the case, for that heretofore, to-wit: on the 12th day of November, A. D. 1904, in this court, the said defendant, by perjury, and by his evil influence on the judge and the jury, procured a verdict against this plaintiff for the sum of $8,000.00, and had a judgment entered thereon for a like sum, and had plaintiff's lands and tenements sold on execution, at a great sacrifice, to the damage of the plaintiff in the sum of $80,000.00: Wherefore the plaintiff brings this suit and claims $80,000.00."

To which the defendant interposed the following motion: "Now comes Isaac A. Stewart by Stewart & Bly, his attorneys and moves the court to strike the declaration filed herein for the following reasons, to-wit: I. Because said declaration is scandalous upon the defendant, the court and the jury which tried the case of Stewart vs. Ropes, and said paper is indecent and unfit to be or remain or made a record of this honorable court. The same should be struck and the one filing it should be fined on account of the contempt committed by the plaintiff in attempting to pollute the records of the court and disgrace and scandalize this honorable court.

II. Because the paper purporting to be a declaration is scandalous and fails to set forth any fact tending to establish a cause of action and for other good reasons, appearing on the face of the paper."

On the 17th day of September, 1906, the court made the following rulings on such motion. "The within motion is granted simply because it is scandalous. At chambers in Fort Pierce, Florida, this 17th day of September, 1906.          MINOR S. JONES, Judge."

On the 13th day of March, 1907, the following judgment was rendered by the court: "The court hav-

ing stricken the plaintiff's declaration herein, and the plaintiff not having filed an amended declaration, or asked the court that he be permitted to do so: Therefore it is considered that the plaintiff take nothing by his suit, and that the defendant go hence without day, and recover his costs, to be taxed by the clerk.

In vacation, at Miami, March 13th, 1907.

MINOR S. JONES, Judge of the Circuit Court.

To this judgment a writ of error was sued out by the plaintiff, returnable to the present term.

The following errors are assigned:

"1.   That the court in hearing and deciding on the 17th day of September, instead of the 18th day of said month, 1906, the motion to strike the declaration.

2.   And in granting said motion.

3.   And in rendering a final judgment against the plaintiff." ·

We find from the transcript that notice of the hearing of the motion to strike the declaration was given for the 18th day of September, 1906, and that the order of the court thereon was dated on the 17th day of such month.   Whether the date of such order was inadvertently and erroneously given by the court, or whether as a matter of fact the order was actually made on the 17th day, we are not advised.   Be that as it may, it is not made to appear that the plaintiff was prevented from being heard on the motion, deprived of any right or harmed in any way.   A mere inspection of the declaration and motion discloses that the ruling of the court was manifestly correct, and we do not deem it necessary to go into any discussion thereof.   It is well settled here that it is the duty of a party resorting to an appellate court, to make the errors complained of clearly to appear, if they in truth exist.   See Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 501, 39 South. Rep. 392,

and authorities there cited; Hoodless v. Jernigan, 51 Fla. 211, 41 South. Rep. 194; Worley v. Dade County Security Co., 52 Fla. 666, 42 South. Rep. 527; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318.

It is also well settled that every presumption is in favor of the correctness of the rulings of the trial court. See Clements v. State, 51 Fla. 6, 40 South. Rep. 432, and authorities there cited.

It is not made to appear that any complaint was ever made by the plaintiff as to the erroneous date or that the matter was ever called to the attention of the trial judge. On the contrary, it affirmatively appears that matters remained *in statu quo* from the date of the ruling on the motion until the 13th day of March, 1907, when final judgment was rendered.

No errors having been made to appear to us, it follows that the judgment must be affirmed, and it is so ordered, at the cost of the plaintiff in error.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.