Lewis v. State.—Syllabus.

---

ANDREW LEWIS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. A count in an indictment for embezzlement found under Section 3311 of the General Statutes of 1906, which describes the property alleged to have been embezzled by the accused as

"fifty dollars, good and lawful money, currency of the United States of America, a better description of said money being to the grand jurors unknown; that the said money was then and there the property of" a certain designated person "and was of the value of fifty dollars," sufficiently describes the property to withstand an attack made by a motion to quash upon that ground.

2. A count in an indictment for embezzlement found under Section 3311 of the General Statutes of 1906 which charges that the property alleged to have been embezzled had come into the custody and control of the accused "by reason and by virtue of his being the agent and servant of" a certain designated person is not open to attack by a motion to quash because it fails to "allege in what capacity the defendant was acting as agent and servant in this connection." Such statute prescribes the same penalty for the offense of embezzlement when committed by an agent as when committed by a servant of another, and because an indictment in a single count describes the offender as occupying both positions conjunctively that of agent and servant, at the time of the commission of the offense does not render it bad for uncertainty, for in such a case but one offence is charged and the prosecutor is at liberty to prove either or both of the capacities in which the defendant acted at the time of committing the offense, and if either or both of such capacities were proven, together with the other ingredients of the offense, the crime would be made out.

3. It is the policy of this court, as it evidently was of the Legislature in enacting Sections 3961 and 3962 of the General Statutes of 1906, to uphold indictments and informations whenever there has been a substantial compliance with the law therein.

4. In an indictment for embezzlement found under Section 3311 of the General Statutes of 1906 it is not necessary to allege that a demand has been made upon the defendant for the property which he is charged with having embezzled, since such statute does not require that the indictment should allege any such demand.

5. In passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus con-

sidered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury.

6. Where an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if previous or subsequent charges or instructions are given containing the required qualifications or exceptions. It is not required that a single instruction should contain all the law relating to the peculiar subject treated therein.

7. In a prosecution for embezzlement, if the defendant conceived it necessary or advisable to have the words "servant" and "agent" defined, or if he desired to have the jury more fully instructed upon any point, he should have prepared and presented to the trial court the specific instructions he wished given. If he fails to do this, an appellate court will not entertain his complaint of such omission by the trial court.

8. No error is committed in sustaining objections to questions propounded to a witness on his cross-examination when they were not in cross of anything brought out on the direct examination, especially when such questions simply call for the opinion of the witness.

9. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist; every presumption being in favor of the correctness of the rulings of the trial court. The attention of the appellate court should be called to the specific grounds upon which the error is based by the party assigning it. and he should state his reasons therefor in his brief, cite authorities in support thereof, and, where reference to the transcript of the record is necessary, should give the pages thereof.

10. In both civil actions and criminal prosecutions, a motion to strike out the entire testimony of a witness should be denied, if any part thereof is admissible for any purpose. The motion should be confined specifically to the inadmissible portions; otherwise, it will be too broad.

11. Where no objections are interposed to questions propounded to a witness, and his testimony is admitted without objection, the party so failing to object is not entitled as a matter of right to have the responsive testimony of the witness stricken out on motion, even though it may be irrelevant or incompetent, and open to attack by proper grounds of objection.

12. When evidence which may have been irrelevant, or otherwise open to an objection seasonably made, has been admitted without objection, the witness having been examined and cross-examined by the respective parties, it is not error to deny a motion to strike out such evidence, made after its tendency and effect have been disclosed.

13. A motion to strike out evidence that has been introduced in a cause must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself, and not upon the ground that it is not sufficient.

14. An appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court; and only such of the grounds so made below as are argued before the appellate court will be considered by it.

15. General objections to evidence, whether interposed at the time the evidence is offered or embraced in a motion to strike out or exclude, without specifying the precise grounds, are vague and nugatory, and are without weight before an appellate court, unless the evidence is inadmissible under any circumstances.

16. The utmost care should be used by the trial judges, especially in criminal prosecutions, not to let any expression fall, either by question, instructions or otherwise, that is capable of being interpreted by the jury as an index of what such judge thinks of the prisoner, his counsel or his case.

17. In a prosecution for embezzlement, where the court in the general charge used the following language: "As the State Attorney said in his argument, embezzlement is the twin brother of larceny, the only difference being the manner in which the money comes into the possession of the party charged

with one or the other offenses," such reference to the argument of the State Attorney is not approved, but, where no complaint is made as to the correctness of the distinction drawn between the two offenses, it does not constitute reversible error.

18. In a prosecution for embezzlement based on Section 3311 of the General Statutes of 1906, the fraudulent conversion of the property by the defendant is an essential ingredient or element of the crime and the giving of a charge that if the defendant "converted that money to his own use, he would be guilty under this indictment of embezzlement of such sum of money as the evidence should satisfy you beyond a reasonable doubt was converted by him to his own use" is defective in the omission of the word "fraudulently" before converted, and, if this paragragh of the general charge stood alone, it would constitute reversible error, but, where instructions were given at the request of the defendant which fully supplied the essential element of fraudulent conversion so omitted, and specifically informed the jury that there should be no conviction unless the evidence showed beyond a reasonable doubt the fraudulent conversion of the property by the defendant, such error was cured.

19. Evidence examined and found sufficient to support the verdict.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

SHACKLEFORD, C. J.—Andrew Lewis, the plaintiff in error, was indicted in the circuit court for Walton county, at the spring term, 1907, for larceny and embezzlement tried at the same term and found guilty of

embezzlement and sentenced to pay a fine of fifty dollars, or in default thereof to imprisonment in the county jail of Walton county for the period of three months. From this judgment and sentence he seeks relief here by writ of error.

The first assignment of error is based upon the overruling of the motion to quash the indictment. We find that the indictment contained four counts, the first two of which charged the defendant with larceny and the last two charged him with embezzlement. The jury found him guilty of embezzlement as charged in the third count, which was an acquittal upon the other three counts. It will be necessary, therefore, for us to notice only such grounds of the motion as apply to the third count, which count is as follows:

"Third Count: And the grand jurors aforesaid, inquiring as aforesaid, do further present that one Andrew Lewis, on the 9th day of December, 1906, was then and there the agent and servant of the Walton Land & Timber Company, a corporation; that on said date, in said state and county, the said Andrew Lewis then and there had in his possession, custody and control, $50, good and lawful money, currency of the United States of America, a better description of said money being to the grand jurors unknown; that the said money was then and there the property of the Walton Land & Timber Company and was of the value of fifty dollars. That said money had come into the custody and control of the said Andrew Lewis by reason and by virtue of his being the agent and the servant of the said Walton Land & Timber Company; that the said Andrew Lewis then and there having said money in his possession, as aforesaid, did then and there fraudulently embezzle and convert the said money to his own use without the consent of the said Walton Land & Timber Company."

The first contention of the defendant is that this

count is fatally defective because it fails to sufficiently describe the property alleged to have been embezzled. This question has previously been decided by this court adversely to the contention of the defendant.  See Porter v. State, 26 Fla. 56, 7 South. Rep. 145; Lang v. State, 42 Fla. 595, 28 South. Rep. 856; Sigsbee v. State, 43 Fla. 524, 30 South. Rep. 816; Eatman v. State, 48 Fla. 21, 37 South. Rep. 576.  The discussion in Sullivan v. State, 44 Fla. 155, 32 South. Rep. 106, will also prove instructive.  In the last cited case there was a failure to allege in the indictment that a more perfect, more definite or a better description of the money was to the grand jurors unknown, but there is no such omission in the indictment in the instant case.  Richberger v. State, (Miss.), 44 South. Rep. 772, will also prove of interest.  There is a wide distinction in the indictment in the instant case and in Grant v. State, 35 Fla. 581, 17 South. Rep. 225, S. C. 48 Amer. St. Rep. 263, upon which the defendant relies.  In that case the only description of the property alleged to have been embezzled set forth in the indictment was that it was "the proceeds" of certain lumber sold by the defendant, no reason being given for the failure to give a better description.

The next contention of the defendant is that the indictment is fatally defective because it fails to "allege in what capacity the defendant was acting as agent and servant in this connection," simply alleging that the defendant was the agent and servant of the Walton Land & Timber Company, whose property he was charged with embezzling.  The defendant earnestly insists that the use of the conjunction "and" was misleading and confusing because he was not informed thereby whether he was charged with having embezzled as agent or as servant.  The indictment was framed under Section 3311 of the General Statutes of 1906, which is as follows:

"3311. (2457.) Embezzlement by officer, clerk, agent, servant or member of company or society. If any officer, agent, clerk, servant or member of any incorporated company, or if any officer, clerk, servant, agent or member of any co-partnership, society or voluntary association, or if any clerk, agent or servant of any person, embezzles or fraudulently disposes of, or converts to his own use, or takes or secretes with intent so to do anything of value which has been entrusted to him, or has come into his possession, care, custody or control by reason of his office, employment or membership, he shall be punished as if he had been convicted of larceny."

This statute prescribes the same penalty for the offense of embezzlement when committed by an agent, as when committed by a servant of another, and because an indictment in a single count describes the offender as occupying both positions conjunctively, that of agent and servant, at the time of the commission of the offense, does not render it bad for uncertainty, for in such a case but one offense is charged and the prosecutor is at liberty to prove either or both of the capacities in which the defendant acted at the time of committing the offense, and if either or both of such capacities were proven, together with the other ingredients of the offense, the crime would be made out. Bradley v. State, 20 Fla. 738; Bish. Direc. and Forms (2 ed.) Sec. 407 and notes. But besides this Section 3962, General Statutes of 1906, originally enacted in 1861, provides as follows:

"3962. (2893.) Indictment not to be quashed unless it would mislead accused.—No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indict-

ment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense."

This section has frequently been referred to and construed by this court. See Barber v. State, 52 Fla. 5, 42 South. Rep. 86, and authorities therein cited; Douglass v. State, 53 Fla. 27, 43 South. Rep. 424. As was held in Barber v. State, *supra,* it has been the policy of this court, as it evidently was the intention of the legislature, to uphold indictments and informations whenever there has been a substantial compliance therein with the requirements of law. In fact, if any doubt had previously existed upon this point, it was removed by the enactment of Section 3961 of the General Statutes of 1906, which made its appearance for the first time as Section 2892 of the Revised Statutes of 1892, and is as follows:

"2892. Indictment substantially charging offense good.—Every indictment shall be deemed and adjudged good which charges the crime substantially in the language of the statute prohibiting the crime or prescribing the punishment, if any such there be, or if at common law, so plainly that the nature of the offense charged may be easily understood by the jury."

Tested by the construction placed upon these last two statutes by this court and by the principles enunciated in the cases cited *supra* relating to prosecutions for embezzlement, we are of the opinion that this contention of the defendant must likewise fall. Tipton v. State, 53 Fla. 69, 43 South. Rep. 684, will be found instructive upon the point as to what constitutes the gist of the offense of embezzlement, under Section 3311 of the General Statutes of 1906.

The only other contention of the defendant which

he urges before us in behalf of this first assignment is that the indictment fails to allege that any demand was ever made upon the defendant for the property with the embezzlement of which he was charged. It is a sufficient reply to this contention to say that the statute under which the indictment was framed, and which we have set forth above, does not require that the indictment should allege any such demand. The first assignment must fail.

The second assignment is based upon the giving of the following instruction, at the request of the state:

"If you find from the evidence beyond a reasonable doubt, that the defendant had in his possession, money for certain employes of the Walton Land & Timber Co. and that said money had been given him by the Walton Land & Timber Co. to be paid to said employes for labor performed by them and that the defendant did not pay said money to such employes, but fraudulently converted same to his own use, he would be guilty of embezzlement of the amount of money so converted."

It is settled law in this court that in passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities therein cited; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761; Cross v. Aby, decided here at this term. It is also settled law here that where an instruction, as far as it goes, states a cor-

rect proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if previous or subsequent charges or instructions are given containing the required qualifications or exceptions.  It is not required that a single instruction should contain all the law relating to the particular subject treated therein.  Atlantic Coast Line R. Co. Crosby, *supra*, and authorities therein cited.

We find that in its general charge the court had instructed the jury as to the law applicable to the crime of embezzlement, with which the defendant stood charged, and had also given several special instructions, at the request of the defendant.  Considering all of the charges and instructions given as an entirety, we are clear that the instruction of which complaint is made was not calculated to confuse, mislead or prejudice the jury. If the defendant conceived it necessary or advisable to have the words, "servant" and "agent," defined, or if he desired to have the jury more fully instructed upon any point, he should have prepared and presented to the trial court the specific instructions he wished given. Having failed or omitted to do this, he cannot be heard to make complaint here of such omission by the trial court.   See Blount v. State, 30 Fla. 287, 11 South. Rep. 547; Rawlins v. State, 40 Fla. 155, 24 South. Rep. 65; McCoy and Thomas v. State, 40 Fla. 494, 24 South. Rep. 485; Johnson v. State, 51 Fla. 44, 40 South. Rep. 678; Lindsey v. State, 53 Fla. 56, 43 South. Rep. 87; Douglass v. State, 53 Fla. 27, 43 South. Rep. 424; Williams v. State, 53 Fla. 84, 43 South. Rep. 431; Kent v. State, 53 Fla. 51, 43 South. Rep. 773.   No error is made to appear in this assignment.

The third assignment is that "The court erred in refusing to allow the defendant's attorney to interrogate the witness, N. S. Townsend, as to whether or not the

Walton Land & Timber Company was indebted to the defendant and whether or not the books of the company did not show this indebtedness at the time the defendant left the employ of the Walton Land & Timber Company."

We find that this witness was the first witness introduced by the State and, upon his cross-examination by the defendant, he was asked if the company was not indebted to the defendant at the time he left it, to which the witness had replied in the negative. The defendant then propounded the following question: "Didn't the books, at that time, show it?" The sustaining of the state's objection to this question forms the sole basis for this assignment.

This question was not in cross of anything brought out on the direct examination and was objectionable in that it simply called for the opinion of the witness as to what was shown by the books. We also fail to see its relevancy or materiality, and the same has not been pointed out to us. This assignment is without merit.

The fourth assignment is based upon the refusal of the court to strike out certain portions of the testimony of the witness, N. S. Townsend, at the instance of the defendant. This witness had been recalled by the state and re-examined and cross-examined, without any objections being interposed by the defendant to any of the questions propounded to him. At the close of his testimony the state rested, whereupon the defendant "moved the court to strike the testimony, and said statement of the witness, Townsend, relative to any package left for Monroe Cheatham, William Smith and Hartley Brown; there is not a scintilla of testimony to show that either of these parties failed to get the money. The court did then and there deliver its opinion and announce that it will charge the jury that as to the $9.00 placed in an envelope for Monroe Cheatham, and which Monroe Cheatham re-

ceived from the defendant, and afterwards gave back into the custody of the defendant to keep for him, that could not be considered as fixing any liability on the defendant. The motion as to the other testimony will be denied. To which opinion and decision of the court the said defendant by his attorney did then and there except."

This is all that is disclosed by the bill of exceptions upon this motion. No testimony whatever as to any packages being left with the defendant was given by the defendant after he had been recalled. Turning back some 40 odd pages to the testimony of the witness given by him on the previous day, to which pages, however, no reference is made either in the assignment of errors or in the defendant's brief, we find that the witness had testified, in response to questions by the state, to which the defendant interposed no objections, as to having left with the defendant certain packages for certain parties which he named containing specified amounts in money. We find that the defendant also cross-examined the witness at length as to these packages.

As this court has repeatedly held, it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist; every presumption being in favor of the correctness of the rulings of the trial court. See Ropes v. Stewart, 54 Fla. 185, 45 South. Rep. 31, and authorities there cited, and Cross v. Aby, decided here at the present term. The attention of this court should be called to the specific grounds upon which the error is based by the party assigning it and he should state his reasons therefor in his brief, cite authorities in support thereof, and, where reference to the record is necessary, should give the pages thereof. Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656.

In both civil actions and criminal prosecutions, a

motion to strike out the entire testimony of a witness should be denied, if any part thereof is admissible for any purpose. The motion should be confined specifically to the inadmissible portions; otherwise, it will be too broad. Where no objections are interposed to questions propounded to a witness, and his testimony is admitted without objection, the party so failing to object is not entitled as a matter of right to have the responsive testimony of the witness stricken out on motion, even though it may be irrelevant or incompetent, and open to attack by proper grounds of objection. When evidence which may have been irrelevant, or otherwise open to an objection seasonably made, has been admitted without objection, the witness having been examined and cross-examined by the respective parties, it is not error to deny a motion to strike out such evidence, made after its tendency and effect have been disclosed. A motion to strike out evidence that has been introduced in a cause must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself, and not upon the ground that it is not sufficient. Platt v. Rowand, 54 Fla. 237, 45 South. Rep. 32, and authorities therein cited. This assignment has not been maintained.

The defendant had taken the stand in his own behalf and, after he had finished his direct examination and while he was being cross-examined by the state, having testified as to certain entries being found in the cash register, some of which the witness had made and some Mr. Townsend had made, and having identified the cash register and an entry made therein of $5.00 to Simon McCoy, the state thereupon offered page 63 of said book, or so much thereof as showed such entry. The defendand objected no "the grounds that it is immaterial and irrelevant and not connected with the defendant." The

overruling of this objection forms the basis for the fifth assignment.

We cannot consider any grounds of objection to the admissibility of evidence, except such as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of those grounds will be considered as are argued before us. Pittman v. State, 51 Fla. 94, 41 South. Rep. 385, S. C. 8 L. R. A. (N. S.) 509, and authorities there cited; Seaboard Air Line R. Co. v. Scarborough, 52 Fla. 425, 42 South. Rep. 706; Platt v. Rowand, 54 Fla. 237, 45 South. Rep. 32; Cross v. Aby, decided here at the present term. The defendant urges before us that the book was offered at an improper time and that the entire book should have been offered, but, as no such grounds were made below, we cannot consider them. As to the other grounds of objections urged, suffice it to say that they are most general in their nature and no especial argument is made in support thereof. See Platt v. Rowand, *supra,* and authorities there cited. This assignment must likewise fail.

The sixth, ninth, tenth and eleventh assignments are expressly abandoned.

The seventh assignment is predicated upon the giving by the court of the following paragraph of its general charge:

"As the state attorney said in his argument, embezzlement is the twin brother of larceny, the only difference being the manner in which the money comes into the possession of the party charged with one or the other offenses."

The only argument made by the defendant in support of this assignment is that the court committed error therein by his reference to and approval of the argument of the state attorney, which it is contended tended to prejudice the defendant. It is not contended that the

distinction set forth therein between embezzlement and larceny was erroneous.

It doubtless would have been preferable to have omitted from the charge any reference to the argument of the state attorney. The propriety of so doing is questionable, to say the least of it. See Mathis v. State, 45 Fla. 46, 34 South. Rep. 287, and authorities there cited. However, as no complaint is made as to the correctness of what was said in the argument by the state attorney as to the distinction drawn by him, and no authorities upon the point are cited to us, we do not feel warranted in declaring that such reference constitutes reversible error.

The eighth assignment is predicated upon the giving of the following paragraph of the general charge:

"In this case, the court charges you that if the defendant was placed in charge of the commissary of the Walton Land & Timber Co. as alleged in the third count of the indictment in the capacity of agent or employe of the Walton Land & Timber Co., and came into possession of any money by virtue of his position as such agent or employe and afterwards converted that money to his own use, he would be guilty under this indictment of embezzlement of such sum of money as the evidence should satisfy you beyond a reasonable doubt was converted by him to his own use."

The defendant contends that this portion of the charge is fatally defective because it omits the word "fraudulently" before converted.

If this paragraph of the general charge stood alone, we are of the opinion that it would be reversible error, since the fraudulent conversion of the property by the defendant is an essential ingredient or element of the crime of embezzlement. See State v. Dunn, 138 N. C. 672, 50 S. E. Rep. 772; State v. McDonald, 133 N. C. 680, 45 S. E. Rep. 582; State v. Rigall, 169 Mo. 659,

70 S. W. Rep. 150; State v. Disbrow, 130 Iowa 19, 106 N W. Rep. 263; State v. Browning, 47 Ore. 470, 82 Pac. Rep. 955; 2 Bishop's New Criminal Law, §379, and authorities cited in notes.    Also see the discussion of the statute, under which the indictment in the instant case was framed, in Eatman v. State, 48 Fla. 21, 37 South. Rep. 576.

We find, however, that several instructions were given at the request of the defendant, the first and fourth of which are as follows:

"1.    In order to convict the prisoner of the crime charged, you must believe from the evidence, beyond a reasonable doubt, that the defendant took and carried away the moneys of the Walton Land & Timber Co., with intent to appropriate the same to his own use, without the consent of the said company."

"4.    If you should find from the evidence that the defendant took any part of the money charged under the indictment under a bona fide belief that he had a right to the same, then he would not be guilty of larceny or embezzlement of such amount as you so find, and you should not include said amount in determining the amount that the defendant embezzled or stole, if you find that he embezzled or stole any amount."

We are of the opinion that these instructions cured the error in the portion of the general charge complained of by supplying the essential element of fraudulent conversion omitted from the general charge.    We would also refer to the instruction given at the request of the state, which we have copied in full in our discussion of the second assignment.    These two instructions, one given at the instance of the defendant and the other at the request of the state, specifically pointed out to the jury that there should be no conviction unless the evidence showed beyond a reasonable doubt the fraudulent conversion of the property by the defendant.    Con-

strued in connection with the entire charge and the instructions given, no error is made to appear here.

The twelfth and last assignment is based upon the overruling of the motion for a new trial. The only ground thereof argued is as to the sufficiency of the evidence. We have given all of the evidence our careful examination and are of the opinion that it is amply sufficient to support the verdict.

Judgment affirmed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.