Marshall et. al. v. State.—Syllabus.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.

---

JOHN MARSHALL, NELLIE MARSHALL and RICHARD BRADLEY, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1.  Where no objection is made at the trial to the admission of evidence, it is considered as received by consent, and objections, if any, to the evidence are waived, and an appellate court will not ordinarily consider an assignment of error based on the inadmissibility under the rules of legal procedure of the evidence so admitted without objection.

2.  Motions to strike out testimony that has been admitted in a cause must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility or impertinency in the testimony itself which the motion seeks to strike.

3.  Where testimony has already been brought out by the defendants in a criminal prosecution, even if such testimony is not strictly admissible, the defendants cannot object to its repetition when no harm is shown from the repetition.

4.  No error is committed in a criminal prosecution by the trial court instructing the jury in the general charge that "if there are conflicts between the witnesses, which you cannot reconcile, you have the right to believe one witness and disbelieve the other."

5.  No error is committed in a criminal prosecution by the trial court in giving the following charge: "You will bring to bear upon the consideration of the evidence in this case, in addition, all that common knowledge of men and affairs, which you, as reasonable men, have and exercise in the every day affairs of life."

This case was decided by Division A.

Writ of Error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*T.. F. West,* for plaintiffs in error;

*W. H. Ellis,* Attorney General, for the state.

SHACKLEFORD, C. J.—The plaintiffs in error were convicted in the circuit court for Santa Rosa county of the crime of assault with intent to murder Wade Brown, and on writ of error assign errors as follows: (1). Refusing to strike the testimony of the witness Wade Brown, as to a conversation between the witness and the defendants which occurred before the difficulty; (2) permitting the witness Amos Mahoney to relate the conversation he had with Nellie Marshall after the difficulty; (3) overruling the motion for new trial.

At the trial the prosecuting witness in testifying related without objection a conversation he had with the defendants about sundown before the difficulty occurred that night. On cross-examination the witness stated that the conversation took place between sundown and dark, and that the difficulty occurred between nine and ten o'clock at night. The defendants then moved "to strike the conversation in the afternoon; it is shown to be two or three hours before the difficulty, and it is shown there is no connection between the two; it is irrelevant and immaterial to this cause." The state resisted "this motion because the conversation in the afternoon and at night shows the same subject matter discussed, and it was out of that conversation that the difficulty grew, it tends to show the feelings of the party." The court held the conversation "material to show malice"

and defendants excepted. Error is assigned on the refusal to strike the testimony as to the conversation "which occurred before the difficulty." No error is assigned on the statement of the court that the testimony as to the conversation was "material to show malice."

Where no objection is made at the trial to the admission of testimony, it is considered as received by consent, and objections, if any, to such testimony under the rules of evidence, are thereby waived. See Tuten v. Gazan, 18 Fla. 751; Sims v. State, decided at this term.

Motions to strike out testimony that has been admitted in a cause must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility or impertinency in the testimony itself which the motion seeks to strike. Maloy v. State, 52 Fla. 101, 41 South. Rep. 791.

The conversation between the prosecuting witness and the defendants which occurred about sundown related to the matters which led to the difficulty several hours thereafter between the same parties, and it cannot be said that testimony as to such conversation admitted in evidence without objection was wholly irrelevant, incompetent, impertinent or inadmissible to the issue involved, therefore no error was committed in not striking the testimony referred to in the motion.

In the direct examination of a state witness, he testified that just after the difficulty, Nellie Marshall, one of the defendants, said to witness "John has done shot Wade." Thereupon counsel for the defendants asked the witness "Who said that?" "A. Nellie Marshall said John has done shot Wade, he was going about here talking about me and I was not going to stand it any more." On the re-direct examination, the state asked the question: "State as near as you can the exact language that Nellie Marshall used when you walked up and asked what was the matter?" The defendants ob-

jected "because it is shown by the statement previously made by this witness that this occurred after the shooting, after the difficulty was over, it is not a part of the *res gestae*." The court ruled that the defense had brought out the testimony and permitted the question. An exception was taken and error is assigned thereon. The answer to the question was: "I walked up and asked what was the matter. Nellie asked what did I want, and I said I want to know what you all is rowing about. She said John Marshall, my husband, has shot Wade Brown, he was going around here talking about me and I got tired of it, and I ain't going to stand it no longer."

Even if this testimony is not of matters forming a part of the *res gestae* and therefore admissible, it had already been brought out by the defendants and they cannot object to its repetition when no harm is shown from the repetition.

The denying of the motion for new trial is assigned as error. Such of the twenty-four grounds of the motion as are argued will be considered.

A part of the general charge given by the court is as follows: "An essential element in the charge against the defendant is that the assault committed was a premeditated assault."

This portion was separately excepted to in the motion for new trial. The contention is that this language charges the jury that they may find the defendant guilty as charged if the assault was premeditated, whereas the offense alleged in the indictment is an assault made from a premeditated design to effect the death of the person assaulted. The court had previously correctly stated the indictment alleged the assault to have been made unlawfully and from a premeditated design to effect the death of the person assaulted, and in the other portions of the charge gave appropriate definitions of premeditated de-

sign to effect death, and also, of a reasonable doubt, and stated that the premeditated design must have been entertained in the mind before and at the time the assault was committed. The direction given that a premeditated assault was essential to the charge made, while technically not accurate, when taken in connection with the entire charge as given and considered in connection with the evidence is not harmful or reversible error, particularly since the verdict is amply sustained by the evidence.

The circumstances of this case as shown by the evidence are not such as to make it incumbent upon the trial court, in the absence of a proper request, to charge the jury upon offenses less than that charged in the indictment.

Another part of the general charge was: "In order that you should find Richard Bradley and Nellie Marshall, or either of them, guilty, you must first satisfy yourself that the defendant John Marshall is guilty of an assault with a premeditated design to effect the death of the man, Wade Brown." This is excepted to in the motion for new trial. It is argued that the court had not instructed the jury that a premeditated design to effect death was an essential element of the crime charged against the defendants, and the use of the word "satisfy" in this charge did not require a sufficiently high degree of proof. In other portions of the charge, the court made it clear that a premeditated design to effect death was an essential element of the crime charged against all the defendants. The portion of the charge here complained of does not require that in order to find the two aiders, abettors, etc., guilty, they must have acted from a premeditated design to effect death. This was done by other portions of the charge. What the court evidently meant, in this part of the charge, was to make it plain that in order to find the two aiders, abettors,

etc., guilty, the jury must first find the principal John Marshall guilty; for, as the court went on to charge, if the jury find John Marshall not guilty, then the two aiders, abettors, etc., should be acquitted, "because if no offense was committed, nobody could be present, aiding, etc., a man to commit that offense." The use of the word "satisfy" is not technically accurate, but considering the succeeding .part of the charge that "the defendants are each presumed to be innocent until the state proves they are guilty beyond a reasonable doubt, and this burden upon the state extends to every material fact in the case, necessary to establish the offense for which they are on trial," with other parts of the charge as given, there is no reversible error here.

Incorporated in another portion of the general charge and excepted to are the words: "It is not every deadly assault that is unlawful." In support of this alleged error it is barely suggested in the brief that in this charge the court assumed that the assault was a *deadly* assault. The evidence shows without contradiction that the assault was made with a gun and that the person assaulted was shot. There was consequently no reversible error in using the expression "deadly assault" in the connection and under the circumstances of its use.

There was no error in the portion of the general charge that: "If there was conflicts between the witnesses, which you cannot reconcile, you have the right to believe one witness and disbelieve the other." See Lang v. State, 42 Fla. 595, 28 South. Rep. 856.

It is not error to charge the jury that: "You will bring to bear upon the consideration of the evidence in this case, in addition, all that common knowledge of men and affairs, which you, as reasonable men have and exercise in the every day affairs of life." Morrison v. State, 42 Fla. 149, 28 South. Rep. 97.

A charge that: "If, after considering all of the evi-

dence in this case, you have in your minds an abiding conviction to a moral certainty, that all of these parties, or any one of them, are guilty of the offense charged in this indictment, then you have no reasonable doubt, and it is your duty to find a verdict of guilty," when taken with other portions of the general charge given, is not subject to the criticism that it requires a verdict of guilty as to all the defendants if the jury had an abiding conviction to a moral certainty that any one of the defendants was guilty.

It is insisted that there is no evidence of the guilt of the defendant Richard Bradley. This defendant undertook to prove an alibi, but as there was positive evidence that he participated in the quarrel that culminated in the difficulty and that he was with the other defendants when the assault was committed, the finding of the jury is sustained. The same may be said of the defendant, Nellie Marshall, who admits her participation in the previous quarrel and her presence at the difficulty and that she then at least remonstrated with the person assaulted. The assault by John Marshall is established. The grade of the offense, if any, within the charge made was for the determination of the jury from the evidence.

The judgment is affirmed.

WHITFIELD and COCKRELL, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.