F. EVERETT PLATT, *Plaintiff in Error,* v. JOHN ROWAND, *Defendant in Error.*

1. In both civil actions and criminal prosecutions, a motion to strike out the entire testimony of a witness should be denied if any part thereof is admissible for any purpose. The motion should be confined specifically to the inadmissible parts of the testimony, otherwise it will be too broad.

2. Where no objections are interposed to questions propounded

to a witness and his testimony is admitted without objection, the party so failing to object is not entitled as a matter of right to have the responsive testimony of the witness stricken out on motion, even though it may be irrelevant or incompetent, and open to attack by proper grounds of objection.

3. When evidence which may have been irrelevant, or otherwise open to an objection seasonably made, has been admitted without objection, the witness having been examined and cross-examined by the respective parties, it is not error to deny a motion to strike out such evidence made after its tendency and effect have been disclosed.

4. A party cannot be permitted to lie by, and experiment upon the testimony by failing to interpose objections thereto at the proper time, and ascertain what might come of it, for benefit or disadvantage, and then, if it turns out to be unpropitious for him, seek to have it excluded altogether on motion.

5. Because a cross-examination shakes the credibility, or demonstrates the inaccuracy and unreliability of the testimony of a witness given by him on his direct examination, it furnishes no reason or ground for striking out such testimony on motion, but, if it is otherwise proper testimony, it remains for the proper consideration of the jury—both the testimony brought out on the direct examination as well as that elicited on the cross-examination.

6. A motion to strike out evidence that has been introduced in a cause must be predicted upon some feature of irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself, and not upon the ground that it is not sufficient.

7. General objections to evince, whether interposed at the time the evidence is offered or embraced in a motion to strike out or exclude, without specifying the precise grounds, are vague and nugatory, and are without weight before an appellate court, unless the evidence is inadmissible under any circumstances.

8. Where several grounds of objection are interposed to the introduction of proffered evidence and the same are overruled, upon an assignment of error predicated thereon, an appellate

court will consider only such grounds as are urged before it, the other grounds being treated as abandoned.

9. It is the established policy of the law to uphold certificates of acknowledgment of deeds, and wherever sustance is found obvious clerical errors and all technical omissions will be disregarded.

10. A joint acknowledgment of husband and wife that they acknowledged the execution as their free act and deed, entitles to record a deed conveying the husband's realty, even though the separate acknowledgment of the wife be defective to convey her dower.

11. Even prior to the adoption of the revised statutes of 1892, a deputy clerk of the circuit court had the authority to take an acknowledgment of a deed·in the name of the clerk of such court by himself as deputy.

12. Where one of the errors assigned is based upon the overruling of a motion for a new trial, and such motion consists of a number of grounds, an appellate court will consider only such grounds as are urged before it.

This case was decided by Division A.

Writ of Error to the Circuit· Court of DeSoto County.

The facts in the case are stated in the opinion of the Court.

*Forrester* & *Burton,* for plaintiff in error;

*W. E. Leitner,* for defendant in error.

SHACKLEFORD, C: J.—The defendant in error brought an action of ejectment against the plaintiff in error in the circuit court for DeSoto county to recover the possession of a certain described lot in the town of

Arcadia.   The defendant interposed a plea of not guilty
and a trial was had before a jury, which resulted in. a
verdict and judgment in favor of the plaintiff, from
which the defendant seeks relief here on writ of error.

The first assignment is as follows:   "The court erred
in overruling the defendant's motion to strike the testi-
mony of B. F. Baldwin, plaintiff's witness, in regard to
his possession of the lot in controversy in this suit."

The bill of exceptions discloses that B. F. Baldwin
was the first witness introduced on behalf of the plain-
tiff, who testified in substance that he was once the owner
of the lot in controversy, having acquired title from F.
M. Waldron in. January,1887; that he went into pos-
session thereof and remained in possession until he sold
and conveyed the same to Mrs. Martha Hewitt in
June    1887;    that    he    was    in.    the    actual
possession thereof from· January to June, 1887, having
a saw dust side walk across the. lot, which was a part
of F. M. Waldron's home field.    On cross-examination
the witness testified in substance that he conducted a
store on a lot adjoining the lot in controversy and that
"he ·meant by being in actual possession that he was
the owner of the legal title of·lot 7 and that in law
possession followed the legal title;" that the lot was an
unenclosed town lot and that he "did nothing in the
way of improvements to it except that he might have
set a hitching-post on it during the time he owned it."

At the close of the testimony of the witness the
defendant "moved the court to strike the testimony of
the witness, Baldwin, in regard to his possession of the
lot in controversy for the reasons·:

1st.   That it was not shown that he was in the
actual possession thereof at any time during his al-
leged ownership of same.

2nd. Because same is immaterial and irrelevant and not pertinent to the issue."

The plaintiff's counsel stated to the court that the witness was placed on the stand "for the purpose of later on proving the title in the plaintiff from one in actual possession of the lot in controversy and that a deed in support of the witness's testimony would be introduced later." The court thereupon announced that it would reserve its decision on the motion until later in the trial. After all the testimony was concluded in the case an order was made denying the motion.

So far as we are advised, no objections were interposed to any of the questions propounded to the witness, but after he had been examined both in chief and in cross the motion to strike, which we have copied in full above, was made. Several well established legal principles are involved in this assignment, which it may be well to consider briefly.

In both civil actions and criminal prosecutions, a motion to strike out the entire testimony of a witness should be denied if any part is admissible for any purpose. Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Fields v. State, 46 Fla. 84, 35 South. Rep. 185; Johns v. State, 46 Fla. 153, 35 South. Rep. 71; Cook v. State, 46 Fla. 20, 35 South. Rep. 665; Baldwin v. State, 46 Fla. 115, 35 South. Rep. 220. The motion should be confined specifically to the inadmissible parts of the testimony otherwise it will be too broad.

Where no objections are interposed to questions propounded to a witness and his testimony is admitted without objection, the party so failing to object is not entitled as a matter of right to have the responsive testimony of the witness stricken out on motion, even though it may be irrelevant or incompetent, and open to attack

16—Vol. 54

by proper grounds of objection.    See Ard v. Crittenden, Ala., 39 South. Rep. 675; Tutwiler Coal, Coke & Iron Co. v. Nichols, 146 Ala. 364, 39 South. Rep. 762; Southern Ry. Co. v. Leard, 146 Ala. 349, 39 South. Rep. 449.    In other words, when evidence which may have been irrelevant, or otherwise open to an objection seasonably taken, has been admitted without objection, the witness being examined and cross-examined by the respective parties, it is not error to deny a motion to strike out such evidence made after its tendency and effect have been disclosed.    Farmers' & Traders' Nat. Bank of Covington, Ky. v. Greene, 74 Fed. Rep. 439,, 20 C. C. A. 500, 43 U. S. App. 446, and authorities there cited.    As was well said by Judge Severens in the opinion:    "A party cannot be permitted to lie by, and experiment upon the testimony, and ascertain what might come of it, for benefit or disadvantage, and then, if it turns out to be unpropitious for him, seek to exclude it altogether.    This is a well-settled rule in practice, in dealing with evidence upon the trial of cases both civil and criminal."    This is in line with what we said in Schley v. State, 48 Fla. 53, 37 South. Rep. 518.    Also see Sims v. State, 54 Fla. 100, 44 South. Rep. 737, and authorities there cited, and Marshall v. State, 54 Fla. 66, 44 South. Rep. 742.    As we also said in Hampton v. State, 50 Fla. 55, 39 South. Rep. 421: "Because a cross-examination shakes the credibility, or demonstrates the inaccuracy and unreliability of the evidence deposed by a witness on his direct examination, furnishes no reason for striking out such evidence *in toto,* but if it is otherwise proper evidence, it with its expose by the cross-examination, remains for consideration by the jury at its worth."

It is also true that a motion to strike out evidence that has been introduced in a cause must be predicated

upon some feature of irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself, and not upon the ground that it is not sufficient. Maloy v. State, 52 Fla. 101, 41 South. Rep. 791, and authorities there cited; Marshall v. State, 54 Fla. 66, 44 South. Rep. 742; Pitman v. State, 51 Fla. 94, 41 South. Rep. 385, S. C. 8 L. R. A. (N. S.) 509; Walker v. Lee, 51 Fla. 360, 40 South. Rep. 881; Wilson v. Johnson, 51 Fla. 370, 41 South Rep. 395. In accordance with the rule laid down in these cited cases, the defendant asked for "appropriate instructions from the court to the jury" upon this point, and the following instruction was given at his request:

"I further instruct you that testimony *in haec verba* that a party is in possession of the land is of little weight, as possession may often be a matter of opinion. In proving possession of land, the party undertaking same is required to show the facts which in law constitute possession and in reaching a conclusion as to whether or not such possession existed, you should base your conclusions upon the testimony before you, showing the facts relied upon to constitute possession."

As to the second ground of the motion to strike out the evidence it is sufficient to say that general objections to evidence, whether interposed at the time the evidence is offered or embraced in a motion to strike out or exclude, without specifying the precise grounds, are vague and nugatory, and are without weight before an appellate court, unless the evidence is not admissible under any circumstances. Thomas v. Williamson, 51 Fla. 332, 40 South. Rep. 831; Sims. v. State, 54 Fla. 100, 44 South. Rep. 737, and authorities there cited.

Looked at from the different view-points presented in the cited cases, we are clear that no error was com-

mitted in the denial of the motion to strike out the evidence, hence the first assignment must fail.

The second assignment is as follows: "The court erred in admitting in evidence, over the defendant's objection, a certified copy of a deed from Benjamin F. Baldwin and wife to Martha A. Hewitt, purporting to convey the lands involved in this suit."

The grounds of objection interposed to the introduction of this deed are as follows:

"1st. Because the word 'sealed' is omitted from the attestation clause thereof and the deed does not appear to have been signed, sealed and delivered in the presence of two witnesses as required by statute.

2nd. Because the certificate of acknowledgement of the wife is not in compliance with the statute."

The second ground of the motion is the only one urged before us, being based on the claim that the acknowledgment of a married woman is defective in simply reciting that she executed the deed "freely and voluntarily and without any fear or constraint of or from her husband," the other two statutory words, "compulsion" and "apprehension" being omitted. See Section 1958 of Revised Statutes of 1892, Section 2462 of General Statutes of 1906. The declared and settled policy of the law as construed by this court is "to uphold certificates of acknowledgment of deeds, and wherever substance is found obvious, clerical errors and all technical omissions will be disregarded." Summer v. Mitchell, 29 Fla. 179, 10 South. Rep. 562, S. C. 30 Amer. St. Rep. 106, 14 L. R. A. 815; Jackson v. Haisley, 35 Fla. 587, 17 South. Rep. 631, and authorities there cited. We might also refer to Chapter 5412 of the Laws of 1905, found on page 1543 of the General Statutes of 1906, as to the declared legislative policy as to the curing of defective acknowledgments in conveyances exe-

cuted by married women. It is unnecessary for us to construe this chapter, to determine its effect or decide whether or not it is applicable in the instant case. In dealing with the point made it is sufficient for us to say that the certificate of acknowledgment recites that both the said Baldwin and his wife "severally acknowledged the execution of the same as their free act and deed," etc. This is a sufficient acknowledgment to entitle the conveyance to record, and, in any event, Baldwin's interest was conveyed by the instrument. Even if it be true that the inchoate dower interest of Baldwin's wife, for any reason, did not pass by the instrument, that is a matter of no concern to the defendant and cannot avail him in support of his grounds of objection to the introduction of the deed in evidence. As to the point made that the certificate of acknowledgment was taken by a deputy clerk of the circuit court, though in the name of such clerk it is sufficient to say that this meets the requirements of the statute, on the authority of Summer v. Mitchell, *supra*. Section 1973 of the Revised Statutes of 1892 and 2481 of the General Statutes of 1906 expressly authorize a deputy clerk of any court of record to take acknowledgments of conveyances. While the instrument in question was executed and acknowledged in June, 1887, and the statute then in force did not expressly name such deputy clerk therein it did desginate clerk of the circuit court as one of the officers in this state empowered and authorized to take acknowledgments. This assignment must fail.

The third assignment is based upon the overruling of the defendant's objections to the admission in evidence of a deed from W. E. Robertson and wife to J. A. Rowand, the plaintiff, the grounds of objection being the same as urged in the second assignment, which we have just treated. Suffice it to say that no error is made to

appear here. In passing upon the grounds of objection which form the basis for this assignment the court stated that it had been subsequently shown that the wife of the grantor named in the deed was dead, her only interest in the property being an inchoate dower interest.

The fourth and fifth assignments are based respectively on the refusal of the court to strike out certain testimony of plaintiff and John L. Jones, a witness in his behalf, on motion of the defendant. We have carefully examined these assignments and discover no error in the rulings of the court upon which they are based. Much of what we have said in disposing of the first assignment applies with full force to these assignments also. We deem further discussion thereof unnecessary.

The sixth and last assignment is based upon the overruling of the defendant's motion for a new trial. We see no useful purpose to be subserved in any discussion of this assignment, so content ourselves with stating that we have given all the grounds of this motion which have been urged before us our careful consideration and have been unable to detect any reversible error.

It follows that the judgment must be affirmed, and it is so ordered.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.