PITTSBURG STEEL COMPANY, A CORPORATION ORGANIZED
AND EXISTING UNDER THE LAWS OF THE STATE OF PENN-
SYLVANIA, *Plaintiff in Error,* v. J. D. STREETY, *Defend-
ant in Error.*

1. No error is committed in the trial of a common law action in
   sustaining an objection to a question which tends to elicit
   evidence of a custom of shippers of wire fencing of substi-
   tuting different kinds of rolls of wire from those ordered,
   when no such custom is alleged in the pleading of the party
   who seeks to introduce such testimony.

2. No error is committed in refusing to strike out the whole tes-
   timony of a defendant, much of which is proper and respon-
   sive to the issues.

3. When the record does not disclose whether testimony is given
   in response to a question by the plaintiff or defendant or
   *ex mero motu,* and a motion to strike it out is denied, prob-
   ably on the ground that the motion was not seasonably made,
   error has not been affirmatively shown in the ruling of the
   trial court.

4. When testimony is objected to on the ground that it is irrel-
   evant and immaterial, and it is both relevant and material,
   the trial court commits no error in overruling the objection.

5. The mere incorporation in a motion for a new trial of what is
   alleged to be a portion of the charge of the trial judge, which
   appears no where else in the record presents nothing which
   this court can review.

This case was decided by Division B.

Writ of error to the Circuit Court for Columbia
County.

The facts in the case are stated in the opinion of the
court.

*W. H. Wilson* and *A. J. Henry,* for Plaintiff in Error;

*Small & Palmer,* for Defendant in Error.

HOCKER, J.—Plaintiff in error brought an action at law against the defendant in error in the Circuit Court of Columbia County, the declaration containing the common counts:

1st.  For $429.07 money payable to the plaintiff for goods bargained, sold and delivered, &c.

2nd.  In like sum for work done and materials furnished, &c.

3rd.  In like sum for money paid, &c.

4th.  In like sum for money received, &c.

5th.  In like sum for money found to be due, &c.

6th.  In a like sum for interest on divers sums, &c.

7th.  In a like sum for money payable for a certain quantity of wire fencing and one stretcher, to-wit:

Forty, twenty rod rolls, (800 rods); ten, twenty rod
   rolls, (200 rods), @ $1.03 per rod..........$1030.00
Ten, forty rod rolls, (400 rods), and five twenty
   rod rolls, (100 rods), @ .93...............  465.00

                                    $1495.00
Less discount of 71½%..................... 1068.93

                                    $ 426.07
And one stretcher @ $6.00 less 50%..........   3.00

                                    $ 429.07
Damages $600.00.

The foregoing is the substance of the declaration which is in the usual form of the common counts.

A bill of particulars was filed with the declaration.

The defendant pleaded, first, never indebted as alleged, and a special plea. This special plea which is a long one sets up in substance that the wire fencing, which is the subject of the suit, was bought by defendant from an agent of plaintiff under the representation and guarantee that it was a wire fencing the strands of which were by some newly discovered process, electrically welded together, that every rod was perfect, and all right in every particular; that the stay and strand wires thereof could not be rusted apart; that the joints were indestructible; that the wires were joined together merged into each other by virtue of said electrical weld, and became inseparable; that the fencing was of superior quality, and better than other wire fencing then on the market and being sold by other wire fence manufacturers, and relying in good faith upon the said guarantee, and believing same to be true, defendant gave a written order, filled out and prepared by the agent for a certain quantity of wire, to-wit, 20 rolls of 40 rods each; 10 rolls of 40 rods each, and 5 rolls of 20 rods each, of style 4911—the style number having reference to the distances apart, or arrangement of said wires or width of fence; that defendant delivered said order to the agent of plaintiff to be filled and agreed to pay the value thereof, but defendant avers that plaintiff never complied with said order, but pretended to fill the same by shipping defendant a quantity of so-called wire fencing, not in accordance with, but contrary to the specifications of said order; that the statements of said agent were false and fraudulent, made to defraud defendant, whereas in truth and fact, the said fencing was worthless and of no value, was not perfect and all right in every particular; that the stay and strand wires could be rusted apart, and did rust apart from each other; that the joints were not indestructible; that the

electrical welds did not merge into each other, and were separable by rust and decay; that the fencing shipped defendant was not of superior quality or value to other wire fencing sold throughout the country by other manufacturers; that said fencing was valueless for what it was intended, all of which plaintiff knew; that defendant not knowing that his order had not been filled, and not knowing the plaintiff had substituted another shipment for the one ordered, and not knowing the worthless character of the fencing shipped him, paid the freight charges amounting to $99.68, and before said facts came to his knowledge sold a portion of said wire fencing to defendant's customers, not sufficient to cover the freight charges, by which time the worthlessness of said material came to his attention, whereupon defendant refused to accept or pay for said fencing, and notified plaintiff thereof and that same was subject to his order.

The plaintiff joined issue on the first plea, and filed a replication to the special plea. In this replication the plaintiff admits all the allegations of the special plea as to representations of its agent in obtaining the order for the wire from the defendant, and alleges that the order for the wire was filled except that the plaintiff did substitute for the 20 rolls of 40 rods each, 40 rolls of 20 rods each. Plaintiff also admits that when the wire reached Lake City defendant paid the freight charges thereon amounting to $99.68, and sold a portion of said wire to his customers. The plaintiff in the conclusion of his special replication denies each and every other allegation in said special plea, except as admitted, and of this puts himself on the country. The defendant joined issue on this replication and the case was tried on the issues thus made. No issue was raised by demurrer to the special plea, or by the replication of the sufficiency of the facts set up in the

special plea to constitute a defense to the action, if they were proven to be true.

The first assignment of error argued here (2nd) complains of the action of the court in sustaining defendant's objection to the following question propounded to plaintiff's witness F. H. Young: "State if it is the custom of shippers to substitute different rolls of fencing when they haven't the other on hand as called for by the order." There was no error committed here apart from the legal question presented, for there is no such custom set up in the replication to the special plea. The question was outside the issues as made.

The next assignment questions the action of the court in refusing "to strike out the testimony of J. D. Streety, the defendant, on his own behalf, as immaterial, irrelevant and as hearsay." This assignment is broad enough to cover the whole testimony of J. D. Streety covering several pages, much of which was proper and unquestionable responsive to the issues. In the brief, however, we are referred to a ruling of the court denying the motion of the plaintiff to strike a few lines of the testimony of Streety, in which he states that certain persons looked at the wire, passed on and said it was no good. We are unable to discover from the bill of exceptions the circumstances under which this testimony was given—whether it was given in response to a question by the plaintiff, or by the defendant, or whether it was given by the defendant ex mero motu. There is nothing to show whether the motion was seasonably made or not. Moreover Mr. Streety gave substantially the same testimony at another time, and no objection of any sort appears to have been made to it. In making his ruling the Circuit Judge may have considered that the objection was not seasonably

made. It is not shown affirmatively that he erred in his ruling.

The defendant introduced as a witness Mr. A. J. Moseley, who testified that he was the Manager of the Adams Supply Company of Lake City, Florida, dealers in general merchandise and cotton buyers; that he had been with that company about fourteen years; that this company seven or eight years ago bought a carload of wire fencing from the Pittsburg Steel Company, the distinguishing feature of which was that it was electrically welded, and so represented by the Pittsburg Steel Company. Some of the wire is still around the stock-yard in Lake City. Two samples of wire were shown him (defendant's exhibits 1 and 5) and he said in his judgment it was the same kind of wire as that still around his store, with the exception that what witness had was six inch stay, and those exhibited were twelve inch stay—otherwise they were identical. He also had the twelve inch stay. The advertising matter given him by the Pittsburg Steel Company was similar to that shown witness, which matter had been introduced in evidence as furnished the defendant by the Pittsburg Steel Company. Witness recognized the description of the wire as same as his, with the exception of No. 2. He handled the carload for a year and it was sold. Witness did not continue handling that wire, as it failed to give satisfaction to his customers. They claimed it broke by the side of the weld—not welded properly, and loose. I gave the plaintiff's representative notice personally. This was the substance of Mr. Moseley's testimony. The plaintiff moved to strike out the whole testimony of this witness on the grounds that the wire sued for is not the wire testified to by the witness; that defendant's special plea raised no issue except about the wire shipped him, and that said testimony is irrelevant and imma-

terial. The testimony is given in narrative form, so that it does not appear what questions were asked the witness, whether the answers were responsive to the questions or not. So far as we can see from the record the plaintiff waited until the testimony of the witness was given, speculated upon its character, and when it was concluded moved to strike it out. If this testimony was in response to direct questions by the defendant, the plaintiff should have objected to the questions, and not have waited until it was all in, and then move to strike it. Moreover we cannot say that this testimony was entirely irrelevant and immaterial to the issue made by the special plea. We find no reversible error here.

Mr. John L. Roberts testified in behalf of the defendant, in substance, that he had bought and used some of the Pittsburg Steel Company's wire in Valdosta, Georgia, and it failed to give satisfaction; the welds did not stand, the strands would separate, and it rusted; other wire he had used had not rusted, and the Pittsburg Steel Company's wire was not as good quality as other wire he had used, and that was sold throughout the country. Plaintiff moved to strike out this testimony because witness had testified about wire of other number than that sued for by the plaintiff, and his testimony was irrelevant and immaterial. This testimony is also given in narrative form, and plaintiff appears to have waited until it was all in before he moved to strike it. It may have all been given in response to direct questions, and if so, then the plaintiff should have objected to the question. This court has several times held that an objectionable question should be objected to when propounded, and that a party should not be permitted to speculate upon the answer of a witness, and if unfavorable to him, then move to strike it. We do not think this testimony was entirely irrelevant and imma-

terial, for it bore upon the quality of wire fencing made and sold by the plaintiff.

Mr. J. A. Mole testified for defendant that he had used some of the Pittsburg Steel Company's electric-weld wire bought several years ago from the Adams Supply Company, and it did not give him satisfaction—it broke in stretching, and rusted. A small section of his wire fence was recognized by witness and introduced in evidence over the objection of plaintiff, as defendant's exhibit 6. Witness stated that much of the fence was more rusted than the exhibit. The welds are broken and the strands are apart. Witness compared a sample of the wire sold by plaintiff to the defendant with the sample of his own fence, and testified that the two were welded alike. The defendant offered in evidence the sample of the wire fence of this witness, and the plaintiff objected, on the grounds that the wire was different from that sold by plaintiff to defendant in size, and that the evidence was irrelevant and immaterial. We cannot say that this evidence was irrelevant or immaterial. It bore upon the character of the electric weld—peculiar to the wire made by the plaintiff—and of its anti-rusting qualities—matters put in issue by the special plea. For reasons given in connection with the assignment based on the ruling refusing to strike the testimony of witness Moseley, we think the court did not err in refusing to strike the testimony of the witnesses J. A. Mole and A. S. Goodbread.

The tenth and last assignment of error is based on a portion of the judge's charge to the jury. The charge does not appear anywhere in the record, except this small portion in the motion for a new trial. This is not evidence of the fact that the language thus stated was used by the judge.

The judgment below is affirmed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.