## LA FERIA WATER IMPROVEMENT DIST., CAMERON COUNTY, NO. 3, v. SIMPSON. (No. 7678.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 19, 1927.)

Trial ⬅92—Motion to strike testimony was correctly overruled when made after party rested instead of when inadmissibility became apparent.

Motion to strike out testimony as to value of onion crop upon ground that witness knew it only from hearsay was properly overruled, where made after plaintiff had closed his case and rested; objections to inadmissible testimony being waived if not made when evidence is offered or its inadmissibility becomes apparent.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by J. T. Simpson against the La Feria Water Improvement District, Camer-

on County, No. 3. From a judgment for plaintiff, defendant appeals. Affirmed.

John H. Mitchell, of La Feria, for appellant.

W. T. Carlton, of Harlingen, for appellee.

SMITH, J. Appellant is a body corporate created under the statutes governing the organization of public irrigation districts within this state. Appellee operates a rented farm within the limits of the district. He alleges that during the crop year of 1925 he demanded of the water district, in the manner provided by law, that it furnish him with water with which to irrigate his onion seed bed and corn crop; that the district failed to comply with the demand; that the water was not furnished until several weeks after the demand was made; and that the delay resulted in damages in the sum of $11,613 to his onion crop and $1,272 to his corn crop. Upon the trial of the case a jury returned a general verdict in appellee's favor for $1,292.50. The questions presented in the appeal are raised in two propositions of law propounded by appellant.

During the trial appellee testified that by reason of the failure of appellant to furnish the water demanded by him his onion crop was damaged in a specified amount. Appellant did not object to this testimony at the time it was introduced. Upon cross-examination of appellee by appellant it was disclosed that appellee based his direct testimony as to his damages upon what others had told him of prices brought for onions sold by them during the year. Appellant was still acquiescent about the direct testimony as to damages, raised no objection thereto, and made no effort to have it stricken from the record. Later, however, when appellee closed his case and rested, appellant moved to strike out "all the testimony offered by the plaintiff as to the value of his onion crop, and the damages sustained by him as to the onion crop," upon the ground that appellee "did not qualify, and his testimony shows that plaintiff never knew the price of the onions except by what a neighbor told him who was selling onions." The trial court overruled the motion and refused to strike the testimony, and appellant complains thereat in his first proposition.

The trial court correctly overruled the motion, for the very obvious reason that it came entirely too late. The time to object to inadmissible evidence is when it is offered, or as soon as its inadmissibility becomes apparent. If not made then, the complaining party thereby waives his objections, of course. Appellant's first proposition is overruled.

In its second proposition appellant complains of the sufficiency of the evidence to support the verdict, which it is also claimed is contrary to the great preponderance of the testimony. We have examined the statement of facts very closely, and have carefully considered appellant's analysis thereof.

We conclude that the evidence was sufficient to take the case to the jury, and do not feel warranted in disturbing the verdict returned thereon. It is not deemed necessary to set out the testimony here.

The judgment is affirmed.