DICK HOFSTEDE ET AL. v. CARMELO DiSTEFANO.

Decided May 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Mark Townsend, Jr.*

*Contra, Robert H. Doherty.*

PER CURIAM.

The plaintiff, Dick Hofstedé, a boy twenty years old, while riding a bicycle in a northerly direction on the Hudson County Boulevard, was run into by the automobile of the defendant, which was traveling in the opposite direction. The present suit is based upon the boy's claim that the collision resulted solely by reason of the carelessness of the driver of the defendant's car. His mother, who is a widow, also claims to be entitled to compensation for medical expenses incurred by her in the treatment of her son, and for the loss of his wages resulting from the accident. The trial resulted in an award to the boy of $2,200 and to the mother of $800.

The first contention on the part of the defendant is that the verdict is contrary to the clear weight of the evidence, both upon the question of his negligence and also on the question of the contributory negligence of the boy. Our examination of the proofs satisfies us that this contention is without merit. If the testimony submitted by the plaintiffs is accepted as true, it is clear that the defendant alone was responsible for the accident, and it was for the jury to say,

after having seen and heard the witnesses produced by the plaintiffs, and also those called on behalf of the defendant, whether the testimony of the witnesses on the one side or the other should be accepted as true. They believed the witnesses called by the plaintiffs, and in our opinion were entirely justified in doing so.

The only other ground for making the rule absolute is that the trial court erroneously overruled the motion of the defendant to strike out a part of the testimony of one Dr. Helfond relating to the loss of the function of the boy's arm; the ground of the motion being that the doctor's opinion was based upon subjective symptoms elicited by him at an examination made of the boy's condition merely for the purpose of testifying at the trial. In passing upon this ground for making the rule absolute it may be conceded that the testimony was objectionable. It appears, however, that this testimony was given during the morning session of the court; that after it was given the noon recess was taken; that after the noon recess the plaintiffs called two more witnesses and then rested their case, and that after the plaintiffs had rested this motion was made. The court refused to consider it on the ground that it came too late, and in our opinion the court's action was entirely justified. The testimony was introduced without objection made when it was offered. Under our practice a motion to strike out testimony must be made immediately after its admission or as soon thereafter as its illegality might have been discovered. There is no explanation for the delay in making the motion in the present case, and in the absence of such explanation the action of the court, as we have already stated, was entirely proper.

The rule to show cause will be discharged.