WICOMA INVESTMENT COMPANY and JOHN ADAMSON v.
J. W. PRIDGEON

188 So. 597.
Division B.
Opinion Filed May 5, 1939.

*David Lanier,* for Plaintiffs in Error;

*R. C. Horne* and *Lester Summerville,* for Defendant in Error.

PER CURIAM.—This writ of error brings for review final judgment awarding damages to plaintiff for defendants improperly suing out distress warrant against plaintiff.

On June 29, 1935, the Wicoma Investmeent Company and John Adamson, by their contract of that date, recognized and ratified the previous renting of their property to J. W. Pridgeon for the purpose of growing a crop of sun tobacco. The rent contracted to be paid was one-third of the tobacco grown on the property. When the tobacco was ready for marketing, J. W. Pridgeon divided it according to his understanding of the contract, one-third to the lessors and two-thirds to himself. But the lessors were not satisfied with the division made, and on August 5, 1935, made affidavit for a distress warrant, stating therein that J. W. Pridgeon was indebted to them in the sum of $500.00 for rent of the property, "payable in tobacco." On the same date the distress warrant issued and was served by delivering a copy thereof to J. W. Pridgeon and by levying upon all the tobacco located on the rented property. At the trial, verdict and judgment were rendered for defendant, which was equivalent to a judicial determination that J. W. Pridgeon had correctly divided the tobacco crop.

Thereafter, J. W. Pridgeon filed his declaration against the Wicoma Investment Co. and John Adamson to recover damages consequent upon the improper suing out of this distress warrant. Plaintiff went to trial on the first, second,

third and sixth counts of this declaration, the substance of each being that the improper suing out of this distress warrant deprived plaintiff of the possession of the tobacco, and he was unable to give a forthcoming bond to repossess himself of the same, causing the tobacco to remain in storage until it "did rot and become of no value whatsoever." It was alleged that there were 9000 pounds of the tobacco, worth $2700.00, which was lost to plaintiff.

Defendants filed four pleas to the declaration, which were (1) that said deed was not their deed, (2) that the value of the tobacco attached is not $2700.00, (3) that the amount of the tobacco attached is not 9000 pounds, and (4) that defendants have not breached said contract.

After hearing the evidence, the argument of counsel and the charge of the court, the jury returned its verdict finding for plaintiff and assessing his damages at $1125.00, with interest from August 5, 1937.

Final judgment was entered on the verdict, and then this writ of error was taken.

The only question presented by plaintiff-in-error is whether expert testimony as to the value of a certain quantity of tobacco should be accepted over warehouse receipts, which are in evidence, showing what part of the tobacco brought when sold on the warehouse floor.

Defendant's objection was embodied in a motion addressed to that part of the testimony of Sheriff Pierson, Bob Jackson, Paul Saunders and J. W. Pridgeon, relating to the *amount* and *value* of the tobacco seized under the distress warrant.

The record shows that plaintiff, carrying the burden of proof, introduced three witnesses, besides himself, to testify as to the *quantity* and *value* of the tobacco at the time the distress warrant was unlawfully issued, those being the Sheriff, who served the distress warrant, a tobacco demon-

strator of twenty-five years experience, and a man who testified he helped gather the crop involved. No objection or motion to strike was addressed to any question propounded to or answer given by plaintiff's witnesses, relating the *value* or *quantity* of the tobacco, at the time when given or at the time plaintiff rested. Thereupon defendants introduced witness Sam Buchannon, who testified as to the *value* and *amount* of the tobacco harvested from the property, placing a much lower estimate upon it than did plaintiff's witnesses. Defendants then introduced witnesses Will Buchannon and Henry Horton who testified as to the *poor quality* of the tobacco; and introduced witness Harmon Duckworth, who gave testimony to impeach that of Bob Jackson. John Adamson next testified for defendants, and introduced the warehouse receipts, and defendants rested their case. At that time, no objection or motion to strike was addressed to any of the questions propounded to or the answers given by plaintiff's witnesses, relating to the *value* or *quantity* of the tobacco. Plaintiff then introduced one witness in rebuttal, and rested his case. Then for the first time, so far as this record shows, defendants moved to strike the testimony of Sheriff Pierson, Bob Jackson, Paul Saunders and J. W. Pridgeon, relating to the *value* and *amount* of said tobacco, under attachment, on August 5, 1935, on the following grounds:

"1. That said testimony is irreconcilably opposed to stated facts, and in law, would not be permitted to overcome those facts.

"2. That such testimony can raise no issue of fact for the jury to determine since it is opposed to actual facts.

"3. Said testimony is merely the opinion of the said witnesses as to what the said tobacco might or would have brought on the market, and such testimony is in direct con-

flict with positive evidence based upon the warehouse receipts as to what one-third of the crop actually brought.

"4. Such testimony is conjective and merely speculative, and would not be permitted to overcome the positive and direct testimony.

"Motion to strike was overruled. Exception noted."

Where no objections are interposed to questions and the testimony is admitted without objection, the party failing to object cannot, as a matter of right, have the responsive testimony stricken out on motion, though it may be irrelevant or incompetent, and open to attack by proper objection. Wilson v. Jernigan, 57 Fla. 277, 49 So. 44; Platt v. Rowand, 54 Fla. 237, 45 So. 32.

If testimony is given in response to direct questions of a party, the adverse party should object to the questions as propounded and not wait until all of the testimony is in, and then move to strike it. See Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89; Rutledge v. Rowland, 161 Ala. 114, 49 So. 461; Kramer v. Compton, 166 Ala. 216, 52 So. 351; Wilson v. Jernigan, 57 Fla. 277, 49 So. 44; Pittsburg Steel Co. v. Streety, 61 Fla. 393, 55 So. 67.

"Under the common law rules rendering incompetent an interested witness his competency was required to be challenged as soon as it became apparent that he was interested, by a motion to strike out, and it was held too late to make the motion after he had been cross examined, and the same rule is applied under modern statutes rendering certain persons incompetent witnesses to testify as to transactions with persons since deceased. *Similarly a motion to strike out evidence on the ground of incompetency should be timely made, and it should be denied where it is made so late in the trial that it is impossible to supply other evidence on the subject.* Likewise it is too late to move to strike out answers in a deposition for irregularities in filing and serving after

argument to·the jury has been commenced. *A motion to strike out evidence introduced without objection also should be denied where the witness has left the stand before the motion is made, or the motion is made after the witnesses have left court."* (Emphasis supplied.) 26 R. C. L. 1057, Sec. 63.

See also in this connection American Surety Co v. Scott, 63 Fed. (2d) 961; Mobile & O. R. Co. v. Williams, 226 Ala. 541, 147 So. 819, certiorari denied 290 U. S. 655, 54· Sup. Ct. 71, 78 L. Ed. 568; Brown v. Montgomery Ward & Co., 104 Cal. App. 679, 286 Pac. 474; Menard v. Goltra,· 328 Mo. 368, 40 S. W. (2d) 1053; Hofstede v. Stefano, 7 N. J. Misc. 450, 146 Atl. 38; Heller v. Fabel, 290 Pa. 43, 138 Atl. 217; La Feria Water Improvement District, Cameron County, No. 3 v. Simpson (Tex. Civ. App.), 290 S. W. 832.

Therefore the motion to strike, coming as it did after plaintiff had concluded his testimony in rebuttal, was made too late, and the denial of the motion by the trial judge is not reversible error.

However, even if timely interposed, the motion is without merit because it undertook to exclude all verbal testimony, relating to the *amount* and *value* of the tobacco levied on under the distress warrant, on the ground that the warehouse receipts, showing the sale of 2076 pounds of the tobacco at an average price of approximately 6c per pound, had been introduced in evidence. The warehouse receipts do not purport to be receipts for one-third of the tobacco harvested from the property; and there was testimony tending to show that some of the tobacco had been stolen after it was harvested and before the 2076 pounds of tobacco were marketed. The sale of the tobacco, as evidenced by the warehouse receipts, was made on August 16, 1935, whereas the tobacco was. levied on under the distress war-

rant on August 5, 1935, eleven days prior to the sale. There was testimony tending to show that due to the levy of the distress warrant and the inability of plaintiff to make forthcoming bond the tobacco remained in storage and deteriorated greatly, its value was reduced, and part of it was not marketed at all but was used for fertilizer. Taking this view of the testimony, it is reasonable to suppose that the tobacco sold on August 16, 1935, would have brought more if sold prior to that time before deterioration had reduced the worth of the tobacco. Therefore the average price received for this 2076 pounds of tobacco, as evidenced by the warehouse receipts, cannot be said to be a fair or average price for the tobacco levied on, to the extent that all parol testimony of its probable *worth* at the time of the levy of the distress warrant should be excluded. Neither can the *amount* sold, as evidenced by said warehouse receipts, be said to be one-third of the total *amount* of the tobacco, to the extent that all parol testimony as to the *amount* of the tobacco harvested should be excluded.

"In so far as a warehouse receipts embodies the elements of a contract, extrinsic evidence may not be introduced for the purpose of contradicting or varying its terms. But to the extent that the document is a receipt merely, it may be varied by parol evidence as to the *quantity* or *condition* of the goods." (emphasis supplied). 2 Jones on Evidence in Civil Cases (4th. Ed.) 941, Sec. 493 citing Abbe v. Eaton, 51 N. Y. 410; Witzler v. Collins, 70 Me. 290, 35 Am. Rep. 327; Mears v. New York R. Co., 75 Conn. 171, 52 Atl. 610, 96 Am. St. Rep. 192, 56 L. R. A. 884.

Under this rule, parol evidence may be employed to show the *amount* and *condition* of the tobacco, even though the warehouse receipts gave the average price for the amount sold on August 16, 1935; and by showing that the condition of the tobacco was better at a prior time, it follows that a

better price could be demanded for it at that time, other things being equal.

"In accordance with the rules governing the admission of expert testimony, a party may introduce in evidence the opinion of one who has been shown to have special or expert knowledge of agriculture or a related subject. A witness who has been qualified as an expert may testify as to such matters as the uses of land, the qualities of soil, the proper mode of cultivating the soil, the fertilizing of land. *the probable amount and value of the products of land in given circumstances, the yield of a certain crop,* the value of land, or the *probable amount of injury resulting to crops from trespass or other cause.*" (emphasis supplied). 2 Jones on Evidence in Civil Cases (4th Ed.) 717, Sec. 382, and cases there cited.

Under this and the previous quoted rule, parol evidence may be employed to show the probable *amount* and *value* of the tobacco crop notwithstanding the recitals in the warehouse receipts as to the prices at which some of the tobacco sold; and testimony of plaintiff's witnesses in this regard, was, under the circumstances, entirely proper and admissable.

Therefore, no error of law or procedure having been made to appear, the final judgment below should be and it is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.