385 So.2d 179 (1980)
Donald J. DOWD, d/b/a Lums Restaurant, Individually, and Donald J. Dowd, d/b/a Lums Restaurant, Francis Naughton, Elaine Naughton, Thomas Seay and Ruth Seay, f/u/b/o Centennial Insurance Company, Appellants,
v.
STAR MANUFACTURING COMPANY, a Division of Peabody Galion Corp., a Foreign Corporation, and Hartford Accident & Indemnity Company, Appellees.
No. 79-1544.
District Court of Appeal of Florida, Third District.
July 8, 1980.
*180 Harold C. Knecht, Jr. and David A. Crowley, Miami, for appellants.
Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellees.
Before SCHWARTZ and DANIEL PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
DANIEL PEARSON, Judge.
In July 1974, a Lums Restaurant in Marathon, Monroe County, Florida, owned by Dowd, was totally destroyed by a fire that originated in a Fryolator (deep fat fryer) manufactured by Star Manufacturing Company. Dowd (and his insurer) sued Star (and its insurer) for damages. The gravamen of Dowd's complaint was that Star's Fryolator did not contain, but should have contained, a safety device which would cut off the electric current in the event that thermostat failure allowed the fat to reach self-ignition temperatures. Star's defense was that there was nothing wrong with its Fryolator, and not even the first hot dog would have been overcooked had it not been for Dowd's various acts of negligence. The jury rendered a verdict on special interrogatories in favor of Star, finding that Star was not guilty of any negligence which was the legal cause of Dowd's damages and had not manufactured, assembled or designed a defective Fryolator which was the legal cause of Dowd's damages.
On appeal, Dowd's sole complaint concerns the admission of certain testimony of one Randall Mernes, the captain of the volunteer fire department of Marathon. Mernes testified that the fire code in effect in Marathon in July 1974 was the National Fire Code, which required, inter alia, that a restaurant contain a fire extinguishing system above its cooking facilities. Dowd did not object to this testimony at the time it was elicited. When, during cross-examination, Mernes stated that he had learned from others that Monroe County had adopted these National Fire Code requirements, Dowd unsuccessfully moved to strike Mernes' testimony on this subject.
Mernes' testimony on direct examination relating to the requirements of the *181 Monroe County Code, whether Mernes was purporting to state what he had read in the Code or had heard from others, was objectionable in the first instance.[1] An untimely motion to strike is not a substitute for a timely objection. Wicoma Investment Company v. Pridgeon, 137 Fla. 540, 188 So. 597 (1939); Platt v. Rowand, 54 Fla. 237, 45 So. 32 (1907). Dowd's failure to make timely objection results in this point on appeal not being properly preserved for our review. If, arguendo, Dowd's untimely motion to strike were sufficient to invoke review, we would find that the testimony of Mernes was harmless.[2] § 59.041, Fla. Stat. (1977); State v. Galasso, 217 So.2d 326 (Fla. 1968); Henry v. State, 290 So.2d 73 (Fla. 2d DCA 1974); James v. State, 223 So.2d 52 (Fla. 4th DCA 1969).
Affirmed.
NOTES
[1] Since Mernes was relating the contents of a public record, his testimony arguably violated both the hearsay and best evidence rules.
[2] The jury was not instructed about the fire code of Monroe County, nor was it told it could find Dowd negligent if it found he violated any code provisions. Star's attorney made only a passing reference to Mernes' testimony in closing argument and conceded that the restaurant was built before any code requirement and that there was no evidence the code was retroactive. Moreover, abundant other evidence was introduced to show that the manufacture, design and assembly of the Fryolator were not the legal cause of the destruction of Lums.