## THE STATE v. PATRICK WHITE, Appellant.

### Division Two, November 14, 1911.

1. **CRIME: Absence of Criminal Intent.** No one can be convicted of a felony in the absence of proof of an intent to do a criminal act.

2. **ELECTION: Former Convict: Discharge: Election Officers' Mistake as to Right to Vote.** Where defendant exhibited his discharge papers from the penitentiary to the registration officers of his voting precinct, and they informed him that said discharge entitled him to vote, it would be a harsh rule to say that he can be convicted of a felony for having unlawfully registered because those officers were mistaken and gave him improper advice.

3. ———: ———: ———: **Instruction: Ignorance of the Law.** Defendant in 1901 had pleaded guilty to a charge of grand larceny and was sentenced to imprisonment for a term of two years in the penitentiary. In 1909 he was convicted of the crime of unlawfully registering as a voter in the city of St. Louis in September, 1908. When sworn to testify regarding his qualification as a voter, defendant testified that he had never been convicted of bribery, perjury or other infamous crime. Defendant testified in his own behalf that, at the time of his discharge from the penitentiary in 1902, the warden said to him, "Here are your pardon papers; now, go home and be a good citizen;" that prior to the next election thereafter, he exhibited to the registration officers of his precinct papers he had received when he was discharged from the penitentiary under the three-fourths rule, and was informed by them that such papers entitled him to vote, and that thereupon he did register, and vote at the election in 1904. His so-called pardon papers were not produced at the trial, and there was some evidence that they had been lost or mislaid. The court instructed the jury that "the fact that defendant believed he had been restored to citizenship and had a right to register by reason of

having been released from the penitentiary at the expiration of three-fourths of his term, is not a defense in this case;" that "the law does not permit a defendant to excuse himself for the commission of a crime on the ground that he is ignorant of the law;" and that "a release from the penitentiary is not a pardon by the Governor, and does not restore one to citizenship and the right to register as a qualified voter." *Held*, that the instruction is erroneous; because it deprived defendant of his defense that he was acting in good faith and believed he was entitled to vote. *Held*, on the other hand, if it be a fact that defendant swore falsely in order to register in 1908, then that would raise a strong presumption that he was not acting in good faith; or if his right to vote was challenged before he registered, that might raise a presumption that his unlawful act in registering was intentional and deliberate.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) Instruction 1 concisely sets out the offense as defined in the statute, and fairly presents to the jury the law under the facts in evidence. Sec. 4441, R. S. 1909; sec. 5800, R. S. 1909; secs. 2 and 10, art. 8, Missouri Constitution. (2) Instruction 4, that appellant was ignorant of the purport of his release papers when he left the penitentiary, and the fact that he thought or believed they were pardon papers which restored him to citizenship and the right of suffrage, could be no defense in this prosecution, hence the instruction was proper.

BROWN, J.—At the December term, 1909, of the circuit court of the city of St. Louis, defendant was convicted of the crime of unlawfully registering as a voter in said city, as prohibited by section 4441, Revised Statutes 1909, and appeals from a judgment

fixing his punishment at two years' imprisonment in the penitentiary.

In the year 1901 defendant pleaded guilty in the circuit court of St. Louis city to the crime of grand larceny, and was sentenced to a term of two years in the penitentiary. Notwithstanding he was by that conviction rendered ineligible to vote, he applied to register and did register as a voter in said city on September 14, 1908.

There was evidence on the part of the State to the effect that when the defendant applied to register he was sworn to testify regarding his qualifications as a voter, and testified that he had never been convicted of bribery, perjury or other infamous crime. There was also some evidence indicating that some of the registration officers in the precinct where defendant registered had knowledge of the fact that he had been convicted of grand larceny, but failed to call his attention to that fact when he applied to register.

Defendant testified in his own behalf that at the time of his discharge from the penitentiary in 1902, the warden said to him, "Here is your pardon papers. Now, go home and be a good citizen." That prior to the next election after his release, he exhibited papers received when he was discharged from the penitentiary under the three-fourths rule, to the registration officers of his precinct, and was by said officers informed that such papers entitled him to vote. Whereupon he did register and vote at an election held in the year 1904. That in registering on September 14, 1908, he believed his citizenship had been restored and that he was entitled to vote. There was evidence that an attorney applied to the Governor to pardon defendant a short time before he registered in 1908, and that such pardon was not granted.

Defendant's so-called pardon papers were not produced at the trial, and there was some evidence that they had been lost or mislaid.

State v. White.

Among the instructions given to the jury was the following:

"If you find the facts in this case to be as set out in instruction No. 1, then the fact, if you find it to be a fact, that the defendant believed that he had been restored to citizenship and had a right to register by reason of having been released from the penitentiary at the expiration of three-fourths of the term for which he was sentenced to the penitentiary (if you find from the evidence that he had been sentenced to the penitentiary and had been so released) is not a defense in his behalf in this case. The law does not permit a defendant to excuse himself for the commission of a crime on the ground that he is ignorant of the law. Such a release from the penitentiary is not a pardon by the Governor and does not restore one to citizenship and the right to register as a qualified voter."

The giving of this instruction was assigned as error in defendant's motion for a new trial, though he has not favored us with any brief herein.

We think the court erred in instructing the jury as above set out, because it entirely deprived defendant of his defense that he was acting in good faith and believed he was entitled to vote.

While it is true that everybody is supposed to know the law, it is nevertheless a fact that the most trained judicial minds often have great difficulty in determining what the law is on a given subject.

The judges and clerks of election were acting under instructions from the election commissioners, or other proper officers, concerning the qualifications of voters; and if it be true that defendant did exhibit his discharge from the penitentiary to the registration officers of his voting precinct, and said officers informed him that said discharge entitled him to vote, it would be a harsh rule to say that he can be convicted of a felony because these election officers were mistaken and gave him improper advice.

If it is a fact that defendant swore falsely in order to register on September 14, 1908, then it would raise a strong presumption that he was not acting in good faith; or if his right to vote had been challenged before he registered, this might raise a presumption that his unlawful act in registering was intentional and deliberate; but under the laws of our State, no one can be convicted of a felony in the absence of proof of an intent to do a criminal act. [State v. Schilb, 159 Mo. 140; State v. Rigall, 169 Mo. 663.]

The trial court erred in instructing the jury that the intent with which defendant did the act was no defense; and for that error, we reverse its judgment, and remand the cause for a new trial. *Kennish, P. J.,* and *Ferriss, J.,* concur.